

See also, D.C., 46 F.Supp. 522.

Geist & Netter, of New York City, for plaintiff.

Davis, Polk, Wardwell, Gardiner & Reed, of New York City, for defendants, Francis B. Davis, Jr. and others.

Arthur, Dry & Dole, of New York City, for defendant, U. S. Rubber Co.

RIFKIND, District Judge.

All the defendants move for summary judgment, before answer, on the following grounds:

a. The causes of action have been settled and the settlement is a bar to the maintenance of this action.

b. The matters alleged in each of the causes of action in the complaint herein are res judicata.

c. The U. S. Rubber Company, on whose behalf the action is brought, has accepted in full accord and satisfaction of all claims alleged in each of the causes of action included in the complaint herein, the benefit conferred upon it by the stipulation of settlement.

d. Each of the causes of action has been released by the stipulation of settlement.

## BRENDLE v. SMITH et al.

District Court, S. D. New York.

June 19, 1946.

e. The plaintiff herein is estopped to deny that the stipulation of settlement releases the defendants herein from any liability for he intervened in the Diamond consolidated case and was a party to the stipulation of settlement and has consented to the dismissal of a complaint herein.

Upon the return day of the motion no opposition thereto was presented.

The question is whether Rule 23(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, applies. That rule provides: "A class action shall not be dismissed or compromised without the approval of the court. If the right sought to be enforced is one defined in paragraph (1) of subdivision (a) of this rule notice of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs." The right asserted in this complaint is clearly one defined in paragraph (1) of subdivision (a).

It is contended that compliance with the rule is unnecessary because dismissal is sought on the merits. Hutchinson v. Fidelity Investment Association, 4 Cir., 1939, 106 F.2d 431, 436, 133 A.L.R. 1061; Pelelas v. Caterpillar Tractor Co., 7 Cir., 1940, 113 F.2d 629, 633, certiorari denied 311 U.S. 700, 61 S.Ct. 138, 85 L.Ed. 454.

I am not persuaded, however, that this dismissal is not voluntary. The papers upon which the motion is founded include a stipulation which reads as follows: "This action having been stayed by order of Honorable Simon H. Rifkind, United States District Judge, dated July 18, 1942 until final determination of the consolidated case of Arthur Diamond, et al. v. Francis P. Davis, Jr., et al., pending in the Supreme Court of the State of New York, New York County * * * and the said Diamond consolidated case having thereafter been settled upon five days' written notice to the attorneys for the plaintiff herein, and after hearing in said New York Supreme Court upon notice mailed under direction of the court to all stockholders of the U. S. Rubber Co. and the attorneys for the plaintiff above named having participated in such hearing, and settlement of the Diamond consolidated case having been approved by the said court * * *, it is stipulated and consented that the above entitled action may be dismissed without costs upon the ground of settlement, release and satisfaction, subject to the approval of the court."

This stipulation cannot be regarded as mere surplusage. For one thing, it provides that no costs shall be imposed upon the plaintiffs. For another, it disarms the plaintiff from contesting the instant motion.

■ Rule 23(c) is derived from considerations of public policy. It represents an effort to correct abuses in the settlement of stockholders' derivative suits. It is well not to dilute its salutary effect by carving out exceptions to its operation. In the light of these circumstances, I believe this application should be treated as a motion for dismissal on plaintiff's consent as a result of a compromise and settlement and, as such, within the purview of the rule.

■ In determining the manner in which notice should be given, regard may be had for the fact that the proceedings in the state court were had on notice given to all stockholders. Adequate notice of the instant application will, therefore, be accomplished by a single publication of a ten day notice in the New York Law Journal. The order to be submitted hereon should so provide.