## CERTAIN–TEED PRODUCTS CORPORATION v. TOPPING.

### No. 38, Docket 21031.

United States Court of Appeals
Second Circuit.

Dec. 8, 1948.

Samuel Becker, of New York City (Becker, Berman & Odell and Victor Brudney, all of New York City, on the brief), for plaintiff-appellant.

Aaron Schwartz, of New York City (Joseph Nemerov, Isidore Siegeltuch, and Herman I. Lurie, all of New York City, on the brief), for defendant-appellee.

Before L. HAND, Chief Judge, and AUGUSTUS N. HAND and CLARK, Circuit Judges.

CLARK, Circuit Judge.

Plaintiff-appellant has sued for an accounting and the recovery of a sum paid by its former president, George M. Brown, in settlement of a shareholder's derivative action brought by defendant against him in the United States District Court for the District of Rhode Island. Brown paid the sum directly to defendant's attorneys, as attorneys' fees, after he had obtained a summary judgment in that action on consent of defendant—there the plaintiff shareholder. Defendant Topping himself received no direct payment in connection with the settlement. The plaintiff corporation was not served and did not appear in the Rhode Island action. Brown's motion for summary judgment was based on a general release given him by the corporation in connection with the settlement of another derivative action brought in the state courts of New York. As the court below held in an interlocutory judgment directing an accounting, payment of the attorneys' fees was actually a condition of the settlement of the Rhode Island suit,[1] though no such payment was referred to in the judgment or known to the court. Jurisdiction in this action rests upon the diverse citizenship of the parties. After the defendant had accounted, pursuant to the mandate of the interlocutory judgment, the court ruled that nothing was due the plaintiff for three reasons: that it now appeared definitely that defendant did not receive any part of the $5,000 for which the accounting was ordered, that the value of the attorneys' services exceeded this amount, and that the termination of the Rhode Island litigation resulted from the act of the corporation in giving the release in the New York suit. This appeal is from the resulting final judgment for the defendant.

---

[1] Although defendant somewhat suggests that the payment was made by Brown merely to benefit the lawyers without compulsion, the facts tend to belie such an explanation; and, in an early letter concerning plaintiff's claim, defendant's attorney conceded that "the law suit against Mr. Brown was dropped in consideration of Brown paying the fee of $5,000."

█ Rule 23(c), Federal Rules of Civil Procedure, 28 U.S.C.A., requires that "a class action shall not be dismissed or compromised without the approval of the court"; and notice of the proposed dismissal or compromise must, where the action is a derivative one, be given to all members of the class in such manner as the court directs. Plaintiff's consent to defendant's motion for summary judgment in the Rhode Island action must come within the scope of the rule, as Judge Rifkind pointed out in a similar situation. Brendle v. Smith, D.C.S.D.N.Y., 7 F.R.D. 119. A private settlement may be completely ineffective to redress the wrongs to the corporation, while other shareholders will be denied an opportunity to take up the common cause.[2] Winkelman v. General Motors Corp., D.C.S.D.N.Y., 48 F.Supp. 504, 514, affirmed Singer v. General Motors Corp., 2 Cir., 136 F.2d 905. Any recovery that does result belongs to the corporation, the "owner" of the "primary right" on which the cause of action is based. "A distinction as to rights arising from litigation, which rests upon the difference between a judgment and a settlement of a lawsuit, under these circumstances, as in others, is 'too formal to be sound.'" Young v. Higbee Co., 324 U.S. 204, 213, 65 S.Ct. 594, 599, 89 L.Ed. 890. See also Clarke v. Greenberg, 296 N.Y. 146, 150, 71 N.E.2d 443, 169 A.L.R. 944.

█ Defendant relies strongly upon the fact that he did not himself receive the sum in suit, since it was paid directly to his attorneys. It may perhaps be doubted whether this would be a defense, even if the sum be considered paid as a kind of thank offering after settlement. Clearly since it was paid as a settlement to secure or at least facilitate the dismissal, the defense is insufficient. Defendant cannot evade his fiduciary responsibility to account to the corporation for all recovery resulting from his derivative action by the mere device of authorizing or permitting payment to his attorneys instead of himself.

█ Defendant further urges that plaintiff corporation, by giving the release to Brown which gave rise to the Rhode Island settlement, destroyed the derivative nature of the claim. It is by no means clear that the release itself could not have been attacked. See Goodwin v. Castleton, 19 Wash.2d 748, 144 P.2d 725, 150 A.L.R. 859. Nor did the fact of the release make the settlement involuntary. Brendle v. Smith, supra. But in any event the fact remains that defendant did succeed in obtaining some recovery from which the Rhode Island court itself—had it known about it—could, and doubtless would, have made provision for the attorneys. Trustees of the Internal Improvement Fund of the State of Florida v. Greenough, 105 U.S. 527, 26 L.Ed. 1157.[3] We think this action is properly instituted to do what the Rhode Island court would properly have done, had the action there not gone into final judgment without having these matters brought before it.

█ We do not think, however, that the circumstances are such that all compensation should be denied defendant's attorneys. Plaintiff, to support such a denial, relies upon Young v. Potts, 6 Cir., 161 F.2d 597, which refused any attorneys' fees to the there plaintiffs who had abandoned an appeal in a derivative action by selling out their stock for a price which included the value of the abandoned cause of action. But that punitive rule seems hardly justified here. For the settlement appears in fact to have been induced chiefly by plaintiff's release to Brown, and defendant was only abandoning an already sinking ship. He apparently thought, not unreasonably, of the payment primarily as compensation for work done by the attorneys, rather than as consideration for the settlement itself. Under the circumstances we feel that he

---

[2] For a summary of abuses which were the occasion for the rule, see McLaughlin, Capacity of a Plaintiff-Stockholder to Terminate a Stockholder's Suit, 46 Yale L.J. 421, cited in the Advisory Committee's Note to the rule.

[3] See also the articles by Mr. Hornstein: The Counsel Fee in Stockholder's Derivative Suits, 39 Col.L.Rev. 784; Problems of Procedure in Stockholder's Derivative Suits, 42 Col.L.Rev. 574, 587; New Aspects of Stockholders' Derivative Suits, 47 Col.L.Rev. 1, 24.

244

should be permitted to deduct from the amount he must pay over such portion of the total recovery as the district court may allow as a reasonable attorneys' fee.[4]

Reversed and remanded for further proceedings in accordance with this opinion.

---

[4] Defendant asserts that his attorneys were to be paid only by contingent fee in the event of recovery. The details of this arrangement were not before us, but will undoubtedly be before the district court. For tabulations of fees in derivative actions, and commentary thereon, see Hornstein, supra note 3, 47 Col.L.Rev. at 15, also Winkelman v. General Motors Corp., supra, D.C., 48 F.Supp. 504, 506.