Gloria LANDY and Landy & Spector Pension Plan on behalf of themselves and all others similarly situated

v.

Gustave G. AMSTERDAM, John W. Baird, Herbert Barness, Klaas Bol, Robert K. Greenfield, George S. Mann, Lorie Waisberg, Edmund L. Zalinski, Unicorp American Corporation, Unicorp Financial Corporation, and Greit Realty Trust.

Civ. A. No. 81–4398.

United States District Court,
E.D. Pennsylvania.

Oct. 21, 1982.

Sherrie Savett, Berger & Montague, Philadelphia, Pa., Richard M. Meyer, Milberg, Weiss, Bershad & Specthrie, New York City, for plaintiff.

Joseph W. Swain, Jr., Montgomery, McCracken, Walker & Rhoads, William T. Hangley, Goodman & Ewing, P.L. Freeland, Pepper, Hamilton & Sheetz, Philadelphia, Pa., Robert Greenfield (pro se), Philadelphia, Pa., for defendant.

## MEMORANDUM

CLIFFORD SCOTT GREEN, District Judge.

This action, arising under the Securities Exchange Act of 1934 (the "Act"), stems from the merger between GREIT Realty Trust and Unicorp American Corporation. The court has jurisdiction pursuant to 15 U.S.C. §§ 78aa and 28 U.S.C. § 1332. Plaintiffs, Gloria Landy and the Landy Spector Pension Plan, move the court to declare that they are adequate representatives of, and to certify as a class, all holders of GREIT shares (excluding defendants, their immediate families, and any entities of which they own a controlling interest), whose shares automatically converted into Unicorp American Corporation common stock on or about October 29, 1981. Individual and corporate defendants Gustave Amsterdam, et al. oppose plaintiffs' motion on a variety of grounds, none of which I find persuasive. Accordingly, I will grant the motion and certify the class as described above.

■ First, defendants submit that the Landy and Spector, P.A. Employees' Pension Plan and Trust Agreement ("Agreement") prohibits the use of Plan funds to defray the cost of maintaining a class action.[1] However, I believe that this objection is mooted by the affidavit of Eugene W. Landy, which is dated April 22, 1982 and states that Mr. Landy has agreed to assume personally all costs of the litigation assignable to the Plan, that he has sufficient resources to undertake this obligation and that all of the beneficiaries of the Plan agree to the Plan acting as a representative of the class.

■ Next, defendants assert that sections 1104 and 1106 of the Employee Retirement Income Security Act ("ERISA") preclude the Plan from being a representative of the class because the former prohibits the use of plan assets to finance litigation which might benefit persons who are not plan participants or beneficiaries and the latter restricts transactions where goods or services are furnished between the plan and a party in interest. 29 U.S.C. §§ 1104, 1106 (1976). Defendants rely on *In re Miscellaneous Securities Litigation Involving Westinghouse Electric Corp.*, 25 F.R.Serv.2d 733, 736 (E.D.N.Y.1978), and *Norman v. Arcs Equities Corp.*, 72 F.R.D. 502 (S.D.N.Y. 1976), cases which are of interest to, but not binding upon, this court. In both *Norman* and *Westinghouse*, trustees of pension plans were declared ineligible to represent classes because their participation might violate Section 1104. However, in *Westinghouse*, the more recent of the two pronouncements and the case most similar to the instant matter, Chief Judge Weinstein reconsidered his previous order, reviewed the applicable cases and legislative history of ERISA, and decided that where, as here, a financially

---

1. The Agreement provides, in pertinent part:
   Under no circumstances shall any part of the corpus or income be used for, diverted to, or employed for purposes other than for the exclusive benefit of the Employees of the Employer or their Beneficiaries. In no case shall any of the assets revert to the Employer except as expressly provided in the next section.
   Trust Agreement art. X, ¶ 10.03.

solvent plan trustee promised to pay all litigation costs personally and all plan participants agreed to the arrangement, a plan trustee could represent the class. *In re Miscellaneous Securities Litigation Involving Westinghouse Electric Corporation,* MDL No. 295 (E.D.N.Y.1978). Having reviewed the applicable sections of ERISA and the pertinent cases, I conclude that the Plan may act as class representative so long as plan assets are not used to finance litigation which benefits parties who are not plan participants or beneficiaries.

My conclusion is consistent with the policy underlying the enactment of ERISA. Motivated by concern for the interest of employees, their beneficiaries, and freely flowing commerce, Congress sought to assure that disclosure would be made and safeguards would be provided regarding the establishment, operation, and administration of pension plans. 29 U.S.C. § 1001(a). Accordingly, Congress set minimum standards geared toward insuring the fairness and financial soundness of the plans, and it specified that financial information must be disclosed to participants and beneficiaries. *Id.* §§ (a)–(b). Given the assumption by Mr. Landy of all litigation costs assignable to the Plan and the agreement of the participants to have the plan represent the class, I find that the Plan may represent the class without offending congressional mandates or policy.

■ Defendants also allege that Gloria Landy is acting on behalf of another party who lacks standing to sue but nevertheless intends to control the litigation, that she is totally devoid of knowledge about the action, and that she consequently will not fairly and adequately protect the interests of the class. In support of their contentions, defendants allude to several statements made in Mrs. Landy's deposition and cite decisions of district courts outside the Third Circuit, opinions which once again are interesting to, but not binding on, the court.

After reviewing Mrs. Landy's deposition, I note that she was formerly a plaintiff in a class action, and I conclude that she is adequately knowledgeable about the instant case in particular and class actions in general.

While the cases cited by defendants are noteworthy, I find the philosophy underlying the Supreme Court's opinion in *Surowitz v. Hilton Hotels Corporation,* 383 U.S. 363, 86 S.Ct. 845, 15 L.Ed.2d 807 (1966), more compelling. *Surowitz* was a stockholders' derivative action in which the answers plaintiff gave when she was deposed indicated that she did not understand the complaint, could not explain statements contained therein, and knew little about either the lawsuit or the alleged misconduct. *Id.* at 366, 86 S.Ct. at 847. In holding that neither the plaintiff's ignorance of the case nor her reliance upon the advice of her son-in-law, a professional investment advisor, rendered her an inadequate representative, the Court made clear that small investors, such as plaintiffs, are most in need of the protections afforded by derivative actions. *Id.* at 371, 86 S.Ct. at 850.

Recently, the Third Circuit reiterated its opinion that adequate representation under Fed.R.Civ.P. 23(a)(4) depends on two factors—the qualifications, experience and ability of plaintiff's attorney to conduct the litigation and the absence in plaintiff of interests antagonistic to those of the class. *Lewis v. Curtis,* 671 F.2d 779 at 788 (3d Cir.1982).[2] Accordingly, the Court held that a representative need not have "personally derived the information pleaded in the complaint or . . . be able to assist his counsel" so long as the aforementioned requirements were met. *Id.* 671 F.2d at 789. Mrs. Landy is the owner of 700 shares of GREIT stock, is assisted by able counsel, and is an adequate representative.

■ Finally, defendants assert both the existence of conflict between the interests of the plaintiffs and those of the ma-

---

**2.** The Court of Appeals also noted that similar requirements have been applied to test the adequacy of representation for stockholder derivative actions under Rule 23.1. *Lewis v. Curtis,*

671 F.2d 779 at 788 (3d Cir.1982). Thus, I conclude that my reliance upon *Surowitz,* 383 U.S. at 363, 86 S.Ct. at 845, is not misplaced.

jority of the class, especially as to the relief sought, and the atypicality or uncommonality of the claims made by the named plaintiffs. The alleged conflict is premised on defendants' belief that the named plaintiffs seek recision of the merger as well as damages. This assertion is without merit. While plaintiffs formerly sought to enjoin the merger, they did not pursue the injunction. Moreover, in neither the complaint nor the amended complaint did plaintiff seek recision as a remedy. Underlying the assertion of atypical or uncommon claims is the fact that some members of the class for which certification is sought purchased GREIT stock on or before the record date, October 5, 1981, while others purchased stock between the record date and the date of the merger from which this cause of action arises, October 29, 1981. Basically, the defendants object to including holders who purchased GREIT shares after the record date in the class because those stockholders may not have relied upon the allegedly misleading proxy statement and prospectus which purportedly damaged plaintiffs.

The Supreme Court has declared that plaintiffs in nondisclosure cases need not allege or prove reliance. *Affiliated Ute Citizens v. United States,* 406 U.S. 128, 153–54, 92 S.Ct. 1456, 1472, 31 L.Ed.2d 741 (1972). Since proof of reliance is not necessary to make out plaintiffs' case, reliance is not a prerequisite for class membership, and individual questions about reliance cannot defeat a motion for class certification. *Dorfman v. First Boston Corp.,* 62 F.R.D. 466, 471 (E.D.Pa.1974); *Entin v. Bary,* 60 F.R.D. 108 (E.D.Pa.1973). If necessary, issues of reliance can be tried separately, or a subclass can be created at a later date. Thus, I find no conflict or uncommon claims sufficient to bar class certification.

### ORDER

AND NOW, this 21st day of October, 1982, upon consideration of the plaintiffs' motion for class certification, memorandum of law, and the reply memoranda thereto, the court finds that the requirements of Fed.R.Civ.P. 23 have been met. Accordingly, IT IS ORDERED:

(1) This action may be maintained as a class action pursuant to Fed.R.Civ.P. 23(a), (b)(3).

(2) Gloria Landy and the Landy Spector Pension Plan may represent that class.

(3) The class is CERTIFIED as being comprised of all holders of GREIT stock (excluding defendants, their immediate families, and any entities of which they own controlling interest), whose shares automatically converted into Unicorp American Corporation common stock on or about October 29, 1981.

(4) Berger and Montague, P.C. and Milberg Weiss Bershad and Specthrie, counsel for plaintiffs, may act as counsel for the class.