**In re Paula BALL, Debtor.**

**Bankruptcy No. 95 B 22563.**

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

March 26, 1996.

Opinion Clarifying Decision
May 17, 1996.

Drew M. Dillworth, Thomas Raleigh, Raleigh, Helms & Finke, Chicago, IL, for Trustee.

Daniel A. Edelman, Beth I. Solomon, Edelman & Combs, Chicago, IL, Robert J. Adams & Associates, Chicago, IL, for Debtor.

Daniel J. Zollner, Jennifer L. Sucher, Lord, Bissell & Brook, Chicago, IL, for Nationscredit.

## MEMORANDUM OPINION

RONALD BARLIANT, Bankruptcy Judge.

The Trustee has filed an objection to the Debtor's amended schedule claiming as exempt property a class action filed in the district court (after commencement of this case) for Truth in Lending Act ("TILA") violations. The Trustee also moved for authority to settle that litigation for $7,500. The Debtor, of course, objects to the Trustee settling an action that she claims is exempt from estate property. The Trustee, on the other hand, contends that because the TILA claim was not included on the original schedules, the Debtor had no standing to file the action. In general, this Court agrees with the Debtor, but cannot enter a final order disposing of these matters until the value of her TILA claim is determined.

## BACKGROUND

The Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on October 23, 1995. Thomas E. Raleigh was appointed Trustee in this case. On December 12, 1995, the Debtor filed a class action in the district court alleging, *inter alia,* violation of the TILA. That suit arises out of a pre-petition loan made to the Debtor. The Debtor's original bankruptcy schedules did not list the TILA claim as an asset. The meeting of creditors required by § 341[1] was held on January 16, 1996. At the meeting the Trustee reviewed the schedules with the

---

1. Unless otherwise indicated all statutory references are to the Bankruptcy Code, 11 U.S.C. § 101, et seq.

Debtor, but the Debtor still did not mention the pending district court litigation. On January 17, 1996, the Debtor's attorney filed an amended schedule B, including the district court cause of action and claiming it as exempt.

The Trustee then entered into negotiations with the defendant in the district court litigation, Nationscredit Financial Services Corp. ("Nationscredit"), and they agreed to settle the "claim" for $7,500. Nationscredit and the Trustee state that the settlement represents a "release of all claims and demands at law, in equity or by statute that Paula Ball has or ever had under loan No. C42419233, loan No. C42417393, any insurance policies purchased by Paula Ball at the time of the loan transactions and any other loan or insurance transactions involving Paula Ball prior to the bankruptcy filing" and does not include any amount for other class members' claims. *Reply Memorandum* at p. 9. However, a letter from Nationscredit to the Trustee provides that the settlement is contingent upon obtaining a dismissal of the district court law suit. In addition, the Debtor has presented evidence that the settlement amount is at least five times the value of her individual claim.

This opinion will address two matters currently before the Court: the Trustee's motion to approve the settlement and objections to the Debtor's claim of exemption.[2] Those two motions raise three key issues: 1) Whether the Debtor may amend her schedules to include the TILA claim; 2) the value of the *Debtor's interest* in the TILA claim; and 3) if the settlement amount exceeds that value, whether that excess (above the exempted portion) is property of the estate. The Court holds, for the reasons set forth below, that the Debtor properly amended her schedules, and that only the value of the Debtor's interest in the claim, exclusive of any premium attributable to the class allega-

tions, may be property of the estate (to the extent it is not exempted by the Debtor). That determination of that value, however, may require a hearing, if the Trustee and Nationscredit request one.

## DISCUSSION

### I. Objections to Exemption

The Trustee objects to the Debtor's exemption on two grounds. First the Trustee notes that the "Wild Card" exemption allowed under Illinois law (735 ILCS 5/12–1001(b)) is limited to $2,000 and it is unclear what personal property the Debtor claims as exempt under the Wild Card Exemption. The Debtor filed a second amended Schedule C on March 12, 1996, (after all the briefs had been filed) clarifying what property she is claiming as exempt. That amended schedule would appear to repair the alleged defect in the first amendment.

The Trustee also argues, however, that the Debtor did not have standing to file the district court suit and that this affects the Debtor's ability to claim the lawsuit as exempt.[3] Nationscredit also filed an objection to the exemption. Nationscredit contends that because the Debtor did not list the TILA claim in her original schedules filed with the petition and did not mention it at the § 341 meeting, that the Debtor was attempting to conceal the existence of the asset and the exemption should be denied for bad faith.

### A. The Debtor May Exempt The TILA Claim.

There is no dispute that under § 541 even a contingent claim of a debtor is included in property of the estate. *In re Yonikus*, 996 F.2d 866, 869 (7th Cir.1993). However, property may be removed from the estate under the exemptions allowed by federal or state law.[4] "Notwithstanding section

---

2. The Trustee and Nationscredit filed objections to the Debtor's exemption claim. The Debtor filed an objection to the proposed settlement and memoranda responding to the Trustee's objection to the exemption.

3. The Trustee also raises this argument in relation to whether the settlement was proper, which will be addressed separately.

4. As permitted by § 522(b), Illinois law prohibits Illinois residents from using the federal exemptions and requires use of the exemptions under Illinois law. 735 ILCS 5/12–1201.

541 of this title, an individual debtor may exempt from property of the estate the property listed [in the applicable exemption provision]." § 522(b). The Debtor did not initially schedule the TILA claim as an asset or claim it as exempt. Federal Rule of Bankruptcy Procedure 1009(a) allows a debtor to amend a schedule "as a matter of course at any time before the case is closed." Such an amendment may only be denied "upon a clear and convincing showing of bad faith by the debtor or prejudice to the creditors." *Yonikus*, at 872.

■ Nationscredit contends that the Debtor acted in bad faith by not initially scheduling the asset and not mentioning it at the § 341 meeting. The Debtor attached affidavits of her attorneys and herself to her reply memorandum explaining why this occurred. Apparently the Debtor arrived at the § 341 meeting approximately 30 minutes late. By this time her attorney had already left and the Debtor completed her testimony at the meeting unrepresented by counsel. The Debtor was not aware that she was required to disclose the TILA claim at that time. *See* Declarations of Mark Wheeler, Esq., and Debtor. The amended schedule listing the district court litigation and claiming it as exempt was not filed until the day after the § 341 meeting simply due to the oversight of the Debtor's bankruptcy attorney. *See* Declaration of Robert J. Adams, Esq. Neither the Trustee nor Nationscredit produced any evidence to dispute the Debtor's explanation. Accordingly, this Court finds that any inference that may have arisen from the Debtor's initial failure to disclose the TILA claim has been adequately explained and does not establish bad faith, let alone the clear and convincing evidence required to deny the Debtor's otherwise permissive right to amend. Nor has there been

any showing of prejudice to creditors. The amended schedule relates back to the filing of the Debtor's bankruptcy petition. *In re Ace Finance Co.*, 64 B.R. 688 (E.D.Ohio 1986).

■ The Trustee and Nationscredit maintain that because the Debtor did not exempt the TILA claim and cannot now amend her schedules to claim it as exempt, that the Debtor did not have standing to bring the lawsuit.[5] Since this Court has concluded that the Debtor may amend her schedules and that the amended schedules relate back to the filing of the petition, this argument must be rejected.[6]

### B. Proceeds of Settlement in Excess of the Value of the Debtor's Interest Belong to the Class, Not the Estate. Therefore, Depending on the Amount of that Value, the Debtor's Interest May be Entirely Exempt.

■ The next problem with the Debtor's claim that the cause of action is exempt relates to the value of that claim. The Illinois wild card exemption only permits a debtor to exempt "other property" up to a value of $2,000. The Trustee argues that the proposed settlement amount, $7,500, establishes that the value of the claim is in excess of the wild card exemption. Notwithstanding the Trustee's and Nationscredit's arguments to the contrary, the evidence presently before the court suggests that the proposed settlement figure includes a premium for settlement of the entire class action lawsuit. Even if the TILA action were property of the estate, any settlement proceeds over and above the value of the Debtor's individual claim would not be property of the estate, but property of the class. *Young v. Higbee*, 324 U.S. 204, 65 S.Ct. 594, 89 L.Ed. 890

---

5. In the cases cited by the Trustee and Nationscredit in support of their argument that a debtor lacks standing to file an action post-petition, the debtor had not claimed the cause of action as exempt; accordingly, the debtor only had standing to commence the action if the trustee had abandoned the asset. *Apostolou v. Fisher*, 188 B.R. 958 (N.D.Ill.1995); *Samson v. Prokopf*, 185 B.R. 285 (Bankr.S.D.Ill.1995); *Lambert v. Fuller Co.*, 122 B.R. 243 (E.D.Penn.1990). The other case relied upon, *Fair v. Nationwide Mortgage*

*Corp.*, 34 B.R. 981 (D.C.1983) has been vacated and has no precedential value. *See* 759 F.2d 959 (D.C.Cir.1985).

6. The Trustee. and Nationscredit have also argued that a TILA claim may not be claimed as exempt property. The law in this circuit, relied upon by the Debtor, clearly establishes that a TILA claim may be claimed as exempt property. *In re Smith*, 640 F.2d 888, 890 (7th Cir.1991); *In re Christy*, 101 B.R. 542 (C.D.Ill.1987).

(1945); *Certain–Teed Products Corp. v. Topping*, 171 F.2d 241 (2d. Cir.1948).[7] The settlement is conditioned upon obtaining a dismissal of the entire district court suit. The evidence offered by the Debtor shows that the proposed settlement is approximately five times the damages the Debtor would be able to recover in an individual lawsuit. Even though dismissal will not operate as res judicata on other class members' claims, Nationscredit may be willing to pay this premium to obtain a dismissal in the hopes that no other plaintiff will step into the shoes of the Debtor and attempt to get a class certified to bring the TILA claims against it.

 The Trustee and Nationscredit have not yet produced any other evidence of the value of the TILA suit.[8] The Debtor, on the other hand, has included affidavits from experts on consumer TILA litigation indicating that the most the Debtor would be entitled to recover on an individual claim is approximately $1,400. *See* Declarations of Andy Norman and O. Randolph Bragg attached to the Debtor's Response to Objection to Debtor's Exemptions at Exhibit A. This amount is within the $2,000 wild card exemption. Since the lawsuit is a class action, the TILA permits damages of "the lesser of $500,000 or 1 percentum of the net worth of the creditor." 15 U.S.C. § 1640(a). The total damages awarded would of course belong to all members of the class. In addition, the $1,400 value shown by the Debtor fails to take into account the risks inherent in litigation. When valuing contingent assets in bankruptcy cases, the court is required to take into consideration the contingent nature of the asset. *In re Xonics Photochemical, Inc.*, 841 F.2d 198, 200 (7th Cir.1988). The objecting parties are entitled to request a

hearing on the value the Debtor's individual stake in the class action. But assuming that value is $1,400 or less (as the Debtor's evidence indicates), and further assuming the other property does not exhaust the $2000 wild card exemption, the TILA claim is entirely exempt property.[9]

## II. The Trustee's Motion to Settle the TILA Claim

### A. If the Value of the Debtor's Interest is Entirely Exempt, the Trustee May Not Settle the Class Action.

 The Trustee and Nationscredit have both vehemently argued that the Debtor did not have standing to file the suit because it was property of the estate. This Court has rejected that argument by concluding that the Debtor could amend her schedules to include the TILA claim as exempt property and that the amended schedules relate back to the filing of the petition. Assuming (as we do for purposes of this opinion) that the value of the Debtor's interest in the TILA claim is fully covered by the wild card exemption, these conclusions establish the Debtor's standing, and instead raise the question of the Trustee's standing to settle a lawsuit that is not property of the estate. If the full value of the Debtor's interest in the lawsuit has been excluded from the estate by the exemption, the estate has no interest to settle. The class, not the estate would be entitled to any excess over that value.

 Even if the Trustee did have standing to take over the TILA claim, that would raise issues concerning conflicts between the Trustee's duty to creditors of this bankruptcy estate and his duty to class members. *See Roper v. Consurve, Inc.*, 578 F.2d

---

7. This Court has been unable to find any more recent authority directly on this point, and none has been cited. But decisions dealing with the applicability of the notice requirements of Fed. R.Civ.P. 23(e) to pre-class certification settlements are certainly consistent with the proposition for which *Young* still stands. *See e.g., Yaffe v. Detroit Steel Corp.*, 50 F.R.D. 481, 483 (N.D.Ill. 1970) ("[T]he defendants might well be willing to pay the named plaintiffs a premium for the elimination of the class, a premium to which they are, of course, not entitled."); *Magana v. Platzer Shipyard Inc.*, 74 F.R.D. 61, 71 (S.D.Tex.1977)

("Because the named plaintiff and his counsel can therefore be unjustly enriched by the Rule 23 class allegation at the expense of the asserted class, receipt of the proceeds of any such individual settlement constitutes on its face a clear abuse of the class action concept.").

8. Pursuant to Bankruptcy Rule 4003(c), "the objecting party has the burden of proving that the exemptions are not properly claimed."

9. The March 12th amended Schedule C lists the value of the claim as $829.00.

1106, 1110 (5th Cir.1978), *aff'd on other grounds sub nom. Deposit Guaranty Nat'l Bank v. Roper*, 445 U.S. 326, 100 S.Ct. 1166, 63 L.Ed.2d 427 (1980) (representative plaintiff owes a fiduciary duty to other members even before class is certified); *Caston v. Mr. T's Apparel, Inc.*, 157 F.R.D. 31 (S.D.Miss. 1994). This conflict would cast serious doubts on the Trustee's ability to "fairly and adequately protect the interests of the class," as required by Fed.R.Civ.P. 23(a). Of course, the Trustee is not purporting to represent the class; the Debtor is. That anomaly points out the difficulties that would ensue were the Trustee to attempt to dismiss the class action in the district court. Rule 23(e) prohibits the dismissal of a class action lawsuit "without the approval of the court, and notice of the proposed dismissal or compromise ... to all members of the class in such manner as the court directs." The requirements of "Rule 23(e) 'presumptively applies to all complaints containing class allegations,' including proposed class actions not yet certified by the district court." *Baker v. America's Mortgage Servicing, Inc.*, 58 F.3d 321, 324 (7th Cir.1995). Although the Rule 23 issues are not directly before this Court, the inherent unfairness to class members of the proposed settlement supports this court's refusal to authorize the settlement.[10]

Accordingly, final determination of the Trustee's Motion to Approve Settlement of Claim must await final determination of the value of Debtor's interest in the TILA claim.

## CONCLUSION

The Debtor was within her rights to amend her schedules to claim the TILA claim as exempt from the estate. But the Trustee and Nationscredit may request a hearing to determine the value of her interest in the TILA lawsuit. If the value of the Debtor's interest (excluding any premium attributable to the class allegations) is fully exempt, the Trustee has no authority to enter into the proposed settlement.

---

**10.** Of course, if it turns out that the settlement amount is *not* greater than the Debtor's interest, the issue will be much different. Nothing prevents a class representative from accepting satis-

This matter will be set for a status hearing to determine what further proceedings are required.

## OPINION AND ORDER ON MOTION TO RECONSIDER

Nationscredit Financial Services ("Nationscredit") filed a motion to reconsider this Court's Memorandum Opinion dated March 26, 1996. The Motion would be more accurately labeled a motion for clarification. There is some ambiguity in this Court's March 26 Opinion concerning whether this Court decided the issue of the Debtor's standing to file the district court class action. In Part IA of the March 26 Opinion, this Court held that the Debtor could amend her schedules to claim the district court lawsuit as exempt and that the amended schedule relates back to the filing of the case. Those were the only two issues decided by this Court in Part IA. While this Court mentioned that the trustee and Nationscredit were arguing that the Debtor did not have standing to bring the lawsuit, we did not decide that standing issue.

There is language in Part IIA of the Opinion that could be interpreted as a finding that the Debtor had standing to file the district court action. However, the only issue decided by this Court in Part IIA was the trustee's standing to enter into the proposed settlement with Nationscredit. As Nationscredit has correctly noted, the issue of standing in the district court is an issue for the district court, not this court. For purposes of clarifying the March 26, 1996, Memorandum Opinion, this Court states that it did not decide whether the Debtor had standing to file the action in the district court.

The parties in their memoranda also discuss the need for a valuation hearing and other matters. It is this Court's intention to schedule a hearing on any objections to the Debtor's claim of exemptions. The date for that hearing will be set at the status hearing on May 29, 1996.

faction of his own claim (subject to such notice requirements as the district court might impose under Rule 23(e)).

IT IS THEREFORE ORDERED that the motion to reconsider is DENIED, except as expressly set forth hereinabove.