# In the
# United States Court of Appeals
## For the Seventh Circuit

No. 03–2217

EDWARD P. DECHERT, individually
  as trustee of the estate in bankruptcy
  of Judy A. Oyler, and on behalf of
  all others similarly situated to her,

*Plaintiff-Appellee,*

*v.*

THE CADLE COMPANY,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of Indiana, Indianapolis Division.
No. IP01–0880–C–B/G—**Sarah Evans Barker**, *Judge.*

SUBMITTED MAY 27, 2003—DECIDED JUNE 24, 2003

Before BAUER, POSNER, and COFFEY, *Circuit Judges.*

POSNER, *Circuit Judge.* We accepted the defendant's appeal under Fed. R. Civ. P. 23(f) from the certification of this suit as a class action in order to determine whether, as the district judge held, a trustee in bankruptcy is, in general and in this case, a proper class representative—whether, that is, he is a member of the class who, as named plaintiff, "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). There are no appel-

late cases on the question, although our decision in *Morlan*, quoted below, bears on it; a district court has held that a trustee in bankruptcy cannot be a proper class representative, *King v. Sharp*, 63 F.R.D. 60, 64–65 (N.D. Tex. 1974); and several other cases remark the danger of a conflict of interest if a bankruptcy trustee is allowed to be class representative. *Ernst & Ernst v. U.S. District Court*, 457 F.2d 1399 (5th Cir. 1972) (per curiam); *Maddox & Starbuck, Ltd. v. British Airways*, 97 F.R.D. 395, 397 n. 2 (S.D.N.Y. 1983); *In re Plywood Anti-Trust Litigation*, 76 F.R.D. 570, 579 (E.D. La. 1976); *In re Ball*, 201 B.R. 204, 208–09 (Bankr. N.D. Ill. 1996).

The suit at hand was filed by Judy Oyler under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, and alleges that she had received a dunning letter from Cadle Company (the defendant), a collection agency, that violated the Act because it failed to state the amount that Cadle was seeking to collect from her and had other deficiencies as well. She sued on behalf not only of herself but also of all other persons—at least 30 in number, and possibly 68—who had received the identical form letter from Cadle. She sought for herself statutory damages (a maximum of $1,000), costs, and attorneys' fees. 15 U.S.C. § 1692k. If the case is certified as a class action, the other members of the class will be entitled to total damages of either $500,000, or 1 percent of the defendant's net worth—whichever is less. 15 U.S.C. § 1692k(2)(B). Cadle's net worth is somewhere between $350,000 and $800,000, so that the additional damages to which the class would be entitled if the suit were successful would be between $3,500 and $8,000.

Shortly before filing the suit, however, Oyler had declared bankruptcy under Chapter 7 of the Bankruptcy Code, and when the trustee discovered this he had himself

substituted for her as the plaintiff in her suit. He then asked the district court to certify the suit as a class action, with him as the only named plaintiff and therefore as the only class representative. The district court did so, precipitating this appeal.

In *Morlan v. Universal Guaranty Life Ins. Co.*, 298 F.3d 609, 619 (7th Cir. 2002), we noted the infrequency of class actions in which a trustee in bankruptcy is the named plaintiff: "What trustee in bankruptcy would think it worthwhile to insert himself in the place of the named plaintiff? We are not surprised to find very few cases in which trustees in bankruptcy have done so. The named plaintiff in a class action usually has only a small stake in the action, and while the stakes for the class as a whole may be large, very few of the benefits of settling the class action or prosecuting it to judgment would be received by the trustee (which is to say the creditors), since he would just be the named plaintiff's surrogate. Most of the benefits would go to the other members of the class and to the lawyers for the class, so that the trustee, as class representative yet having fiduciary obligations exclusively to the estate in bankruptcy, would have a potential conflict of interest" (citations omitted). The problems we noted in *Morlan* are present in this case. Oyler's trustee has a fiduciary obligation to Oyler's unsecured creditors, and they will derive no benefit from so much of any judgment or settlement in the class action as enures to the benefit of the other members of the class.

Granted, a class representative *always* has a conflict of interest of sorts, because he has an individual as well as a representative interest in the outcome of the case. In the usual class-action case, in which the class representative's stake is so small that as a practical matter the lawyer for the class completely controls the litigation, there is

a danger remarked in numerous cases that the lawyer will negotiate a settlement with the defendant that gives the lawyer a large fee but the class a meager recovery. See, e.g., *Reynolds v. Beneficial National Bank*, 288 F.3d 277 (7th Cir. 2002). But that is just to say that agents, being self-interested, cannot be trusted always to be faithful to their principals. This problem, which economists discuss under the rubric of "agency costs," lies behind the law's imposing on agents strict, enforceable duties of care and loyalty toward their principals, and behind such specific rules as the requirement that the court approve a class-action settlement because of the "sell out" danger noted above. But from the ubiquity of potential conflicts of interest in the class-action setting and other principal-agent settings it does not follow that a person can properly be an agent of two principals having conflicting interests (unless both principals consent). For then the conflict of interest is not potential but actual. The fact that some lawyers may be imperfect agents because of their self-interest does not permit a lawyer to represent two clients in the same case who have inconsistent defenses, without both clients' consent.

It might seem that the conflict of interest in this case between the trustee in bankruptcy and the members of the class (other than the estate in bankruptcy) is inherent in class actions because a named plaintiff cannot be assumed to have the same interest in the litigation as the unnamed class members. So what difference does it make whether the named plaintiff is a trustee in bankruptcy? The difference is that in the usual class action the named plaintiff is a nominal party and the real party is the lawyer for the class. The lawyer has no reason to favor the named plaintiff over the rest of the class members. When the named plaintiff is a fiduciary, however, he cannot just "go along" with the class lawyer. He has

a duty to seek to maximize the value of his claim, and this duty may collide with his fiduciary duty as class representative (if he is permitted to be the class representative) to represent all members of the class equally. Such a collision is especially likely in a case in which the fiduciary is a trustee in bankruptcy, because class-action litigation tends to be protracted yet the Bankruptcy Code requires the trustee to complete his work expeditiously. 11 U.S.C. § 704(1).

We do not want to lay down a flat rule that a trustee in bankruptcy (or, what is the equivalent, a debtor in possession) can never be a class representative. And we do not want to question the appropriateness of other fiduciaries, such as pension funds, guardians, and administrators of decedents' estates, serving as class representatives, see *Woodard v. Online Information Services*, 191 F.R.D. 502, 506 (E.D.N.C. 2000); *In re Pizza Time Theatre Securities Litigation*, 112 F.R.D. 15, 22 (N.D. Cal. 1986); *Landy v. Amsterdam*, 96 F.R.D. 19, 21 (E.D. Pa. 1982); *Kane Associates v. Clifford*, 80 F.R.D. 402, 409–10 (E.D.N.Y. 1978), especially when there is consent by the beneficiaries, as in *In re Independent Gasoline Antitrust Litigation*, 79 F.R.D. 552, 557 (D. Md. 1978). There may be cases in which the expected recovery of individual class members is substantial and only a fiduciary is available to be the class representative. There has been no showing of either circumstance in this case.

The case features another conflict of interest besides that inherent in the trustee's dual role as class representative and creditors' representative: The defendant, Cadle, the collection agency that sent the dunning letter to Oyler, is affiliated with the firm that bought Oyler's delinquent loan that Cadle dunned her to repay. That firm is thus one of Oyler's creditors, and by virtue of the affiliation

with it Cadle is an indirect creditor of Oyler. She responded to the dunning letter by suing the sender rather than by paying what she owed her creditor. Because the trustee in bankruptcy is the representative of all Oyler's unsecured creditors, he is (via the affiliation) Cadle's representative, putting him on both sides of the controversy between the creditors and Oyler. There would be no actual conflict if one of the other class members were the named plaintiff, for the trustee would then have no control over the litigation.

For the reasons stated, the class certification is vacated.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*