Charles CHRISTY and Tracy L. Christy, Plaintiffs,

v.

HEIGHTS FINANCE CORPORATION, Defendant.

No. 86–1280.

United States District Court, C.D. Illinois.

May 18, 1987.

Kevin D. Schneider, Westervelt Johnson Nicoll & Keller, Peoria, Ill., for plaintiffs.

James S. Brannon, Peoria, Ill., for defendant.

ORDER

MIHM, District Judge.

The Plaintiffs in this case filed a Complaint against Heights Finance Corporation, alleging a violation of the Federal Truth–In–Lending Act, 15 U.S.C. § 1638(a)(10), and the regulations promulgated thereunder, 12 C.F.R., § 226.18(m). The Defendant filed a Motion to Dismiss, and the Court has reviewed the briefs and heard oral argument on the issues raised in the Motion to Dismiss.

Prior to filing the Complaint against Heights Finance, the Plaintiffs filed a petition for relief under Chapter 7 of Title 11 of the United States Code in the case of *In re Christy*, Case No. 86–80613, United States Bankruptcy Court for the Central District of Illinois. The Defendant contends that the alleged cause of action in this lawsuit vested in the bankruptcy trustee on the date that the Plaintiffs filed their petition in bankruptcy. Because the trust-

ee has not abandoned the cause of action, the Plaintiffs lack standing to sue.

The Defendant also argues that the Plaintiffs' alleged Truth–In–Lending Act claim is either a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B), (C), and (O), or it is a matter arising in or related to a proceeding pursuant to Title 11 of the United States Bankruptcy Code, because it materially affects the value of the estate or a claim against the estate. In either case, the bankruptcy court has exclusive jurisdiction over this claim because of the relationship of the claim to the case in the bankruptcy court.

As its final ground for dismissal, the Defendant argues that it filed a proof of claim in the bankruptcy proceeding based upon the debt involved in the transaction underlying the Plaintiffs' Truth–In–Lending claim. The Defendant indicates that it also filed a petition for relief from the automatic stay, and the Plaintiffs filed a Motion to Avoid Security Interest in the bankruptcy case. However, neither the Plaintiffs nor the trustee raised the Truth–In–Lending Act claim in these bankruptcy proceedings. The Defendant suggests that the Court should find that the claim is barred under the principles of res judicata because it is a compulsory counterclaim that was not raised.

In response, the Plaintiffs cite the Seventh Circuit case of *In re Smith*, 640 F.2d 888 (7th Cir.1981), for the proposition that a Truth–In–Lending Act claim can be claimed by debtors in bankruptcy as exempt property under § 522(a) of the Bankruptcy Code, 11 U.S.C. § 522(a). In addition to this case citation, the Plaintiffs have submitted a copy of a pleading filed in their bankruptcy case which indicates that they have amended their Schedule B4 to claim as exempt the "possible T.I.L. claim against Heights Finance Corp." in the amount of $1,000.

■ Turning first to the issue of whether the Plaintiffs lack standing to assert the Truth–In–Lending Act claim, the Court finds that the Plaintiffs are the proper parties to assert this claim. The Seventh Circuit in *In re Smith*, 640 F.2d 888 (7th Cir.1981), made it clear that debtors in a bankruptcy can claim as exempt a possible Truth–In–Lending Act claim, and the Plaintiffs have provided documentation which shows that that is exactly what they did.

The Defendant argues that the *Smith* case is not controlling on this issue, however, because *Smith* does not address the issue of whether the trustee must abandon the property pursuant to § 554 of the Bankruptcy Code, 11 U.S.C. § 554. According to the Defendant, under § 541 of the Bankruptcy Code, 11 U.S.C. § 541, even exempt property is property of the estate and it only becomes property of the debtor outside of the bankruptcy proceedings after the trustee has abandoned it under § 554.

■ The Court believes that the Defendant's interpretation of the Bankruptcy Code is incorrect, because a trustee need not abandon exempt property in order for it to cease being property of the estate. The Bankruptcy Code differs from the prior Bankruptcy Act in that, under § 541 of the Code, the estate includes all legal and equitable interests of the debtor, including property that is exempt. Under the prior Bankruptcy Act, exempt property was not considered property of the estate, and the estate had to challenge a debtor's claim of exemption in order to receive the property into the estate.

Under present bankruptcy law, *all* legal and equitable interests of the debtor are part of the estate as of the filing of the bankruptcy petition, and the Bankruptcy Code places the burden on the debtor to follow the procedures which exempt property from the estate. In the present case, there is no indication that any party before the bankruptcy court or the bankruptcy trustee ever challenged the Truth–In–Lending claim exempted by the debtors. Under Rule 4003 of the bankruptcy rules, a trustee or creditor is given 30 days after the conclusion of the meeting of creditors or the filing of any amendment to the list of exemptions to file objections to the list of property claimed as exempt by the debtor. Nothing in the record indicates that any objections were ever filed. Thus, by virtue

of the passage of time and the operation of this rule, the Truth–In–Lending Act claim became exempt property and is no longer part of the bankruptcy estate. Therefore, the Motion to Dismiss based upon the standing issue is DENIED.

■ The Defendant also claims that the Truth–In–Lending Act claim was a compulsory counterclaim in the bankruptcy proceeding on the underlying debt, and it is barred in this Court because it was not raised earlier. In the case of *Valencia v. Anderson Brothers Ford*, 617 F.2d 1278 (7th Cir.1980), *rev'd on other grounds*, 452 U.S. 205, 101 S.Ct. 2266, 68 L.Ed.2d 783 (1981), a suit brought under the Truth–In–Lending Act, the Seventh Circuit stated that the defendant creditor's claims for the debt involved in the lending transaction was not a compulsory counterclaim under Federal Rule of Civil Procedure 13(a). The court explained that the sole connection between a Truth–In–Lending Act claim and a debt counterclaim is the initial execution of the loan document. The court added that this connection is insignificant in light of the fact that the Truth–In–Lending Act claim and debt counterclaim raise different legal and factual issues governed by different bodies of law. According to the court:

> "A TILA suit for inadequate disclosure, such as the instant case, can often be resolved by an examination of the face of the loan document. A debt counterclaim, on the other hand, can raise the full range of state law contract issues. (Footnote omitted). The two claims do not, as the Fifth Circuit [in *Plant v. Blazer Financial Services, Inc.*, 598 F.2d 1357 (5th Cir.1979)] held, spring from the same 'aggregate of operative facts.' *Plant*, 598 F.2d at 1361. The rights and obligations of the parties with respect to the two claims hinge on different facts and different legal principles." 617 F.2d at 1291–92.

The United States Supreme Court reversed the Seventh Circuit's decision in *Valencia*, but the Supreme Court's decision focused upon the Seventh Circuit's interpretation of the statutory language of the Truth–In–Lending Act and did not address the com-pulsory counterclaim issue. *See also, Basham v. Finance America Corp.*, 583 F.2d 918 (7th Cir.1978), *cert. denied, DeJaynes v. General Finance Corp.*, 439 U.S. 1128, 99 S.Ct. 1046, 59 L.Ed.2d 89 (1979) and *First National Bank v. Childs*, 444 U.S. 825, 100 S.Ct. 47, 62 L.Ed.2d 32 (1979) (in determining whether the time barred Truth–In–Lending Act claim could still be brought by the debtors as a recoupment claim against the creditor, the court stated, "The TILA claim is not directed at or an answer to the underlying debt." 583 F.2d at 928).

■ This case is factually different from *Valencia* because the Defendant is asserting that the Truth–In–Lending Act claim was a compulsory counterclaim under Rule 13(a) in the action brought by Heights Finance in the bankruptcy case on the underlying debt. However, this Court does not believe that the procedural posture of the case would change the outcome that the Seventh Circuit reached in *Valencia*. Based upon the above-cited Seventh Circuit cases, the Court finds that the Truth–In–Lending Act claim was not a compulsory counterclaim that the debtors (or the bankruptcy trustee) were required to bring in the bankruptcy suit on the underlying debt in order to avoid the bar of res judicata. Moreover, the claim is not so closely related to the proceedings in the bankruptcy that the bankruptcy court has jurisdiction over this matter. The Plaintiffs, who have claimed the Truth–In–Lending Act claim as exempt property, are entitled to bring that claim in this lawsuit. The Court orders that the Defendant's Motion to Dismiss is DENIED.

During the proceedings on this Motion to Dismiss, the Plaintiffs filed a Motion for Summary Judgment, based upon this Court's prior ruling in the case of *Gilstrap v. Heights Finance Corp.*, No. 85–1385 (C.D.Ill., August 28, 1986, Mihm J.) 1986 WL 27587. Although the Defendant has filed a response to a similar Motion for Summary Judgment in another Truth–In–Lending Act case, the Court orders the Defendant to respond to the Plaintiffs' Motion for Summary Judgment within 14

days, and the Plaintiffs will have 10 days thereafter to file a reply.