In re John I. and Lisa BRONNER,
Debtors.

John I. and Lisa BRONNER, Appellants,

v.

David A. GILL, Trustee, Appellee.

BAP No. CC–91–1114–MeJV.
Bankruptcy No. LA 83–15406–GM.

United States Bankruptcy Appellate Panel
of the Ninth Circuit.

Argued and Submitted Oct. 24, 1991.

Decided Jan. 22, 1992.

Melvin N. Feldman, Beverly Hills, Cal., for appellants.

Janet A. Shapiro, Los Angeles, Cal., for appellee.

Before MEYERS, JONES and VOLINN, Bankruptcy Judges.

## OPINION

MEYERS, Bankruptcy Judge.

### I

John and Lisa Bronner ("Debtors") appeal from an order of the bankruptcy court which allowed them to exempt only $11,743.56 of a $35,000 settlement for a bad faith lawsuit, pursued on behalf of the estate, in accordance with the statutory maximum allowed under Section 522(d)(5) of the Bankruptcy Code ("Code"). We AFFIRM.

### II

#### FACTS

Debtors filed a Chapter 7 petition on August 2, 1983. Under Section 522(d) of the Code, Debtors were entitled to claim total exemptions of $15,800.[1] In addition to four exemptions totalling $4,056.44, they listed as exempt the equity in a bad faith lawsuit against Liberty Mutual Insurance Company with a stated value of $6,000, but they noted as to the value that it was "unascertained."

Pursuant to Section 341(a) of the Code, a creditors' meeting was scheduled for September 6, 1983, continued to October 11, 1983 and finally closed. Although the trustee was permitted under Fed.R.Bankr. Proc. 4003(b) to object to the claimed exemptions within 30 days after the conclusion of the meeting of creditors, the trustee made no objections to the $10,056.44 claimed as exempt.

On March 7, 1984, the Debtors received a discharge. The case, however, remained open. On March 22, 1984, the law firm of Revere & Wallace was appointed as special counsel to litigate the bad faith lawsuit on behalf of the estate. Subsequently, on February 13, 1986, the bankruptcy court granted the trustee's application to compromise the lawsuit for $35,000 and authorized payment of $15,516 of that sum to Revere & Wallace as attorney's fees.

The Debtors then moved for an order directing the trustee to turn over to them the $19,484 balance remaining from the settlement proceeds, claiming that the property had re-vested in them when the trustee failed to object to the claimed ex-

---

1. In 1984, the state of California "opted out" of the federal exemptions provided under Section 522(d) and created an alternative set of state exemptions modeled on federal law. *In re Pieri,* 86 B.R. 208, 211 n. 2 (9th Cir. BAP 1988); Cal. Civ.Proc.Code §§ 703.130, 703.140. The present appeal, however, is not affected by the current California state exemption laws since the Debtors' petition predates the enactment of those code provisions.

emption. The bankruptcy court denied the motion.

## III

## STANDARD OF REVIEW

The bankruptcy court's conclusions of law are reviewed *de novo. In re Pacific Far East Lines, Inc.*, 889 F.2d 242, 245 (9th Cir.1989); *In re McNutt*, 87 B.R. 84, 85 (9th Cir. BAP 1988).

## IV

## DISCUSSION

■ The issue before us is whether the lawsuit itself was exempted when the trustee failed to object within the 30 day time period stated in Fed.R.Bankr.Proc. 4003(b), thereby re-vesting the property in the Debtors and entitling them to any post-petition appreciation above the $6,000 claimed value or whether the lawsuit was exempted only up to the Debtors' interest in the property, limited by the $15,800 statutory maximum under Section 522(d).

A. *The lawsuit became property of the estate as of the commencement of the case*

■ A debtor's estate is comprised of all legal or equitable interests owned by the debtor as of the commencement of the case. 11 U.S.C. § 541(a)(1). Title to estate property generally remains in the trustee unless the property is abandoned or intentionally re-vested. *In re Hyman*, 123 B.R. 342, 348 (9th Cir. BAP 1991). A debtor's claim for injuries to the person, even if unliquidated at the time the petition was filed, is property of the bankruptcy estate as of the commencement of the case. *Sierra Switchboard Co. v. Westinghouse Electric Corp.*, 789 F.2d 705, 708 (9th Cir.1986); *Tignor v. Parkinson*, 729 F.2d 977, 981 (4th Cir.1984); *In re Richards*, 57 B.R. 662, 663 (Nev.1986).

■ A debtor, however, may remove or acquire property of the estate by claiming exemptions. *Owen v. Owen*, —— U.S. ——, 111 S.Ct. 1833, 1835, 114 L.Ed.2d 350 (1991); *In re Hyman, supra*, 123 B.R. at 348; *In re Galvan*, 110 B.R. 446, 449 (9th Cir. BAP 1990). A debtor's rights in property claimed as exempt are defined on the date the petition is filed. *In re Combs*, 101 B.R. 609, 614 (9th Cir. BAP 1989); *In re Kaplan*, 97 B.R. 572, 576 (9th Cir. BAP 1989).

■ The lawsuit became property of the estate at the time the petition was filed. Debtors were permitted to acquire an interest in that property by claiming an exemption in it. The claimed exemption at the time of the filing was $6,000 and it could not have exceeded the $15,800 limit.

B. *The trustee's failure to object within the 30 day time period did not exempt the lawsuit and re-vest it in the Debtors*

■ The trustee may file objections to the list of property claimed as exempt within 30 days after the conclusion of the meeting of creditors. Fed.R.Bankr.Proc. 4003(b). Unless a party in interest objects, the property claimed as exempt is exempt. 11 U.S.C. § 522(*l*). However, the trustee's failure to object to the exemption does not waive the estate's right to any sum in excess of the allowed limit. *Matter of Isakson*, 106 B.R. 21, 24 (Conn.1989). By simply agreeing to a valid claim of exemption, an estate is not forced to abandon a valuable asset. *In re Hyman, supra*, 123 B.R. at 349.

The trustee apparently did not object to the $6,000 exemption claimed by the Debtors because the total exemptions at the date of filing amounted to only $10,056.44. This amount was well within the $15,800 maximum which the Debtors were entitled to exempt. The trustee recognized that the Debtors had valid claims of exemption up to $15,800. Had the Debtors valued the lawsuit at an amount exceeding the $15,800 exemption ceiling, the trustee no doubt would have objected to the exemption.

Nor did the trustee have any reason to believe that the Debtors would be entitled to anything more than the $15,800 allowed for exemptions, since the lawsuit and any potential proceeds were still property of the estate. By pursuing the litigation on behalf of the estate, the trustee evidently considered the lawsuit to be a valuable asset of the estate. Thus, the trustee's

failure to object clearly was not an intention to re-vest the property in the Debtors.

The trustee does not challenge the Debtors' right to exempt the full $15,800 to which they are entitled. By not objecting to the exemption, the trustee merely recognized that Debtors had a valid statutory basis for the claim. The claim, however, remained subject to the $15,800 limit.

C. *The lawsuit was exempt only up to Debtors' interest in the property, limited to the $15,800 statutory maximum under Section 522(d)(5)*

■ At the time the Debtors filed their petition, they were entitled to exempt property valued up to $15,800. 11 U.S.C. § 522(d). "Value" means fair market value as of the date of the filing of the petition. 11 U.S.C. § 522(a)(2); *In re Lewis W. Shurtleff, Inc.,* 778 F.2d 1416, 1422 (9th Cir.1985). The Debtors listed the value of the lawsuit as $6,000 on the date of the filing.

The Debtors now claim that, because the lawsuit was settled for $35,000, the value of the lawsuit increased post-petition and such "appreciation" belongs to the Debtors as part of their fresh start. We find this argument to be frivolous.

First, the value of the lawsuit did not "appreciate" over time. Rather, the lawsuit possessed an inherent value on the date of the filing since the action was for pre-petition damages. All that was required was competent counsel to pursue the action and obtain the damages. The Debtors overlook the fact that the attorney was appointed to work on behalf of the estate to pursue the lawsuit. Finally, the lawsuit was still property of the estate notwithstanding the Debtors' claimed exemption. *In re Hyman, supra,* 123 B.R. at 348. *See also In re Alcala,* 918 F.2d 99, 101 (9th Cir.1990). Thus, even if the value of the lawsuit is treated as post-petition appreciation, such appreciation accrues to the benefit of the estate. *In re Hyman, supra,* 123 B.R. at 346.

■ Accordingly, if it is apparent that surplus value might exist in property for which a debtor claims an exemption, the trustee has a duty to attempt to collect and reduce such property to cash. *In re Hyman, supra,* 123 B.R. at 344–45. Thus, the trustee has the capacity to prosecute a lawsuit on behalf of the estate. *Wissman v. Pittsburgh National Bank,* 942 F.2d 867, 872 (4th Cir.1991). While the debtors have an interest in any potential recovery, the trustee, as representative of the estate, nevertheless has an interest over and above the debtor's exemption. 942 F.2d at 872. The trustee would have to abandon the estate's interest in order for the debtors to have an interest in any recovery above their exemptible interest. 942 F.2d at 872. Valuing the lawsuit at an amount less than the statutory maximum does not cause the entire property claimed as exempt to become exempt. 942 F.2d at 871.

An exemption claimed in a lawsuit that is property of the estate is comparable to a homestead exemption. The homestead exemption is merely a debtor's right to retain a certain sum of money when the court orders sale of a homestead; it is not an absolute right to retain the homestead itself. *In re Reed,* 940 F.2d 1317, 1321 (9th Cir.1991); *In re Hyman, supra,* 123 B.R. at 346. Once a debtor is allowed the exemption, a property right to the amount of the allowed exemption from the sale proceeds of estate property re-vests in the debtor and is no longer part of the bankruptcy estate. *In re Reed, supra,* 940 F.2d at 1321. Thus, the excess value above encumbrances and the exemption amount is available to creditors. *In re Hyman, supra,* 123 B.R. at 346.

The exemption claimed by the Debtors was simply an interest in any potential recovery from the lawsuit, a right to retain a certain sum of money up to $15,800, not an absolute right to retain the lawsuit itself or all proceeds from the settlement. The only amount that could have re-vested in the Debtors was $15,800, the limit of their exemptions. *Wissman v. Pittsburgh National Bank, supra,* 942 F.2d at 871; *In re Reed, supra,* 940 F.2d at 1321.

## V

## CONCLUSION

The lawsuit became property of the estate as of the commencement of the case.

The Debtors, however, were entitled to exempt property valued up to $15,800 pursuant to Section 522(d). The Debtors' claimed exemption in the lawsuit became exempt once the period for objections had passed. However, the exemption did not remove the lawsuit from the estate. The Debtors' exemption was merely an interest in the lawsuit, a right to retain a sum of money up to $15,800; it was not an absolute right to retain the lawsuit itself or all proceeds from the settlement of the lawsuit. Accordingly, the order of the bankruptcy court is AFFIRMED.