**Paula BALL, individually and o/b/o all others similarly situated, Plaintiff,**

v.

**NATIONSCREDIT FINANCIAL SERVICES CORPORATION, Defendant.**

No. 95 C 7248.

United States District Court, N.D. Illinois, Eastern Division.

March 20, 1997.

Daniel A. Edelman, James O. Latturner, Cathleen Combs Cohen, Edelman & Combs, Chicago, IL, for Plaintiff.

Daniel J. Zollner, Christopher C. Osborne, Lord, Bissell & Brook, Chicago, IL, for Defendant.

## MEMORANDUM OPINION AND ORDER

HART, District Judge.

In this putative class action, named plaintiff Paula Ball claims that defendant Nationscredit Financial Services Corporation violated the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq., and various state laws by the manner in which defendant sold involuntary unemployment insurance to persons to whom it provided installment loans. Prior to the filing of the present action, Ball had filed a voluntary Chapter 7 bankruptcy petition. Defendant has moved to dismiss on the ground that plaintiff lacks standing. For the reasons discussed below, it is held that plaintiff lacked standing at the commencement of the suit and therefore this case must be dismissed without prejudice for lack of subject matter jurisdiction.[1]

On October 23, 1995, Ball filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.[2] In re Ball, No. 95 B 22563 (N.D.Ill.Bankr.). Thomas Raleigh was appointed as the Trustee in the case. The original petition did not claim an exemption for any existing or potential lawsuits in which Ball had an interest. On December 11, 1995, Ball filed her putative class action in the district court. A meeting of creditors was held on January 16, 1996. No mention was made of the pending district court action. On January 17, 1996, an amended schedule of exemptions was filed in the Bankruptcy Court apparently making reference to the district court TILA claim. In response to objections based on lack of clarity, a second amended schedule was filed which included the following:

> Cause of action against Nationscredit Financial Services Corporation arising out of Truth in Lending and Consumer Installment Loan Act; Illinois Consumer Fraud Act; and the Pennsylvania Unfair Trade Practices and Consumer Protection Law. The value of the claim is speculative but estimated to be about $1,000 plus all charged interest. It is anticipated that the defendant will defend the cause of action and the matter would pend for several years. The debtor exempts the cause of action and disputes the debt to the Nationscredit Financial Services Corporation.

Following the filing of the first amended schedule, the Trustee entered into settlement negotiations with Nationscredit and an agreement was reached that was memorialized in a January 26, 1996 letter. Nationscredit agreed to "write off any amount owing and release Paula Ball on her loan and pay $7,500 in cash in exchange for a settlement and release of any and all causes of action she has arising out of the loan and any insurance policies purchased at the time she obtained the loan." The settlement was made "contingent upon obtaining a dismissal of the lawsuit filed by Paula Ball against Nationscredit in the United States District Court ... and vacating the existing discovery and briefing schedules in that case."

On January 31, 1996, Nationscredit presented, in the district court, a motion to dismiss based on lack of standing. That motion was entered and continued while the Bankruptcy Court considered motions involving the claimed exemptions. Briefing on plaintiff's motion for class certification was

---

1. Since plaintiff lacked standing, she would not be an appropriate class representative. Therefore, certification of a class will also be denied without prejudice.

2. The procedural history in the bankruptcy proceeding is taken from In re Ball, 201 B.R. 204, 205–06 (Bankr.N.D.Ill.1996). Plaintiff has also provided copies of two of the five exemption schedules that were filed in the Bankruptcy Court (the second and third amended schedules) and a January 26, 1996 letter from Nationscredit's counsel to the Trustee confirming their settlement agreement.

also held in abeyance pending further bankruptcy proceedings.

In an order dated March 26, 1996, the Bankruptcy Court denied the Trustee's objections to the second amended exemption schedule. The Bankruptcy Court held that a TILA action could be claimed as a "wild card" exemption under 735 ILCS 5/12–1001(b), but that no more than $2,000 of total wild card exemptions could be claimed. *See In re Ball*, 201 B.R. 204, 206–07 (Bankr. N.D.Ill.1996) (*"Ball I"*). It was further held that any value of the lawsuit in excess of $2,000 was property of the estate. The Bankruptcy Court also recognized that, potentially, part of the $7,500 offered to the Trustee in settlement was for dropping the class action and therefore might belong in part to the putative class. *See id.* at 207–08. The court also held that, if the value of the lawsuit plus any other wild card exemptions was less than $2,000, only Ball in her individual capacity had an interest in the lawsuit and the Trustee could not enter into any settlement. *See id.* at 207–09. The Bankruptcy Court did not fully resolve this issue in *Ball I* because it had not been presented with sufficient evidence to resolve the valuation issue. *See id.* at 209. A further order clarifying the March 26 ruling was issued on May 17, 1996. *See id.* at 209–10.

On May 28, 1996, Ball filed a third amended exemption schedule, again listing the claims contained in the district court action, but this time estimating their value to be "about $1,000 plus all charged interest … based on affidavits of two experts." Ball also expressly stated that she was not claiming an exemption for her interest in a TILA claim, discovered May 24, 1996, against the seller of her automobile. She estimated the value of that claim as "up to $1,000, present market value at $50." On August 1, 1996, the same day the Bankruptcy Court held an evidentiary hearing, Ball filed a fourth amended exemption schedule. A copy of this schedule has not been provided, but the Bankruptcy Court describes it as clarifying that the exemption is only based on claims related to a May 19, 1995 loan from Nationscredit. The Trustee's settlement with Nationscredit apparently covered additional potential claims

as well. *See In re Ball*, 201 B.R. 210, 212 (Bankr.N.D.Ill.1996) (*"Ball II"*).

Following the presentation of additional evidence, the Bankruptcy Court again ruled on August 27, 1996. *See Ball II, supra.* The Bankruptcy Court found that, for valuation purposes, the nonexempted claims against Nationscredit were inseparable. Viewed in this light, the exempted claims were found to have a value in excess of $2,000. *See id.* at 212–14. It was held that Ball was entitled to claim an exemption up to $2,000. *Id.* at 214. The Bankruptcy Court entered the following order:

> … IT IS HEREBY ORDERED that the objections are overruled and the Debtor is entitled to exempt up to $2,000 of the proceeds of any settlement of the lawsuit. IT IS FURTHER ORDERED that the Trustee's Motion to Vacate the No Asset Report is granted and the Trustee may proceed to administer the estate's assets, including the estate's interest in any causes of action against Nationscredit.

*Id.* at 215.

Following this ruling, Nationscredit presented an amended motion to dismiss the district court case for lack of standing. Nationscredit contends the cause of action claimed in the district court belongs to the bankruptcy estate, with Ball having only a right to a portion of the proceeds up to $2,000. Nationscredit contends this is an insufficient interest to support standing. Alternatively, Nationscredit contends the case must be dismissed because Ball lacked standing at the time the district court action was filed.

▮▮▮ Standing goes to the court's jurisdiction and must exist at the time the action was filed. *See Arizonans for Official English v. Arizona*, —— U.S. ——, —— n. 22, 117 S.Ct. 1055, 1069 n. 22, 137 L.Ed.2d 170 (1997); *Banks v. NCAA*, 977 F.2d 1081, 1085 (7th Cir.1992), *cert. denied*, 508 U.S. 908, 113 S.Ct. 2336, 124 L.Ed.2d 247 (1993); *Natural Resources Defense Council, Inc. v. Outboard Marine Corp.*, 692 F.Supp. 801, 808 (N.D.Ill. 1988). A "plaintiff must have a present, substantial interest, as distinguished from a mere expectancy or future, contingent interest." *Wissman v. Pittsburgh National*

*Bank,* 942 F.2d 867, 871 (4th Cir.1991). If Ball lacked standing at the time this action was filed, the suit must be dismissed even if she later acquired an interest sufficient to support standing. *See Lujan v. Defenders of Wildlife,* 504 U.S. 555, 569–70 nn. 4–5, 112 S.Ct. 2130, 2141–42 nn. 4–5, 119 L.Ed.2d 351 (1992).

■ Upon the filing of a bankruptcy petition, all property of the debtor becomes the property of the estate. *In re Salzer,* 52 F.3d 708, 711 (7th Cir.1995), *cert. denied,* —— U.S. ——, 116 S.Ct. 1273, 134 L.Ed.2d 219 (1996). The bankruptcy trustee has exclusive standing to assert any cause of action that is property of the estate. 11 U.S.C. § 323; *In re Educators Group Health Trust,* 25 F.3d 1281, 1284 (5th Cir.1994); *Apostolou v. Fisher,* 188 B.R. 958, 967 (N.D.Ill.1995); *In re Lunan Family Restaurants,* 194 B.R. 429, 442 (Bankr.N.D.Ill.1996); *In re Smith,* 185 B.R. 285, 292 (Bankr.S.D.Ill.1995); *Larson v. Groos Bank, N.A.,* 204 B.R. 500, 502–03 (W.D.Tex.1996); *De Wit v. Firstar Corp.,* 879 F.Supp. 947, 995 (N.D.Iowa 1995). If a cause of action that preexisted the filing of the bankruptcy petition is exempted from the estate or abandoned by the trustee, then it is property of the debtor and the debtor will have standing to pursue the cause of action in his or her own name. *Rowland v. Novus Financial Corp.,* 949 F.Supp. 1447, 1453 (D.Haw.1996); *In re Bronner,* 135 B.R. 645, 647 (9th Cir.B.A.P.1992). *See also Salzer,* 52 F.3d at 711. A TILA claim and related causes of action are property that may be exempted pursuant to Illinois's wild card provision. *See In re Smith,* 640 F.2d 888, 891 (7th Cir.1981) (TILA and similar state law claims exempted under Bankruptcy Code); *Christy v. Heights Finance Corp.,* 101 B.R. 542, 543 (C.D.Ill.1987) (TILA claim exempted under Bankruptcy Code); *In re Cates,* 125 B.R. 222, 223 n. 2 (Bankr.S.D.Ill.1991) (interest in lawsuit exempted under Illinois wild card provision).

■ However, at the time the district court action was filed, the bankruptcy petition was already pending and no exemption had been claimed for the cause of action. The exemption schedule was subsequently amended and the Trustee timely objected. In its March 26, 1996 ruling, the Bankruptcy Court rejected the objections. *See Ball I, supra.* There were further amendments to the schedule and apparently further objections, which were rejected by the Bankruptcy Court in its August 27, 1996 ruling. *See Ball II, supra.* Either at that point, or a few days later when the time for any further objections expired, the exemption became final.[3]

In a recent case, the Seventh Circuit held that all the property of a debtor becomes the property of the estate upon the filing of the bankruptcy petition and the debtor does not reobtain an interest in exempt property until, at the earliest, when the time for filing objections to an exemption expires without objection. *See Salzer,* 52 F.3d at 711–13. *Salzer* also holds that, as to state created exemptions (Ball claims a state created wild card exemption), state law must also be considered in determining whether the property belongs to the debtor as soon as the exemption becomes effective. *Id.* at 711–12 & n. 3. A provision of Indiana law applicable in *Salzer,* provided that the bankruptcy trustee continue to retain possession of certain exempt property even after the exemption became effective. *See id.* at 712. The parties do not address this issue as regards the pertinent Illinois law. The court has examined Illinois law and nothing was found that would affect the determination of when Ball was entitled to the exempt property. *See* 735 ILCS 5/12–1001 to 12–1201. Consistent with *Salzer,* Ball did not have an interest in the TILA and related claims from the date she filed her bankruptcy petition until a determination as to the validity of the claimed exemption became final on September 3, 1996.[4] *Cf. Christy,* 101 B.R. at 543–44;[5]

---

3. According to *Ball II,* 201 B.R. at 212, the last amended schedule was filed on August 1, 1996. The 30–day period for objections would have expired on Tuesday, September 3, 1996.

4. At the earliest, she obtained her interest effective March 26, 1996, following *Ball I.*

5. *Christy* states:

   Under present bankruptcy law, all legal and equitable interests of the debtor are part of the

*Bronner*, 135 B.R. at 647.[6] Clearly, Ball possessed no present interest in the cause of action as of the December 11, 1995 filing date of this lawsuit, at which point she had a pending Chapter 7 bankruptcy petition with no claimed exemption for the pertinent cause of action. At that point in time, only the Trustee would have had standing to sue on her TILA claim.[7]

Since Ball did not have standing to bring this action at the time it was filed, it must be dismissed for lack of subject matter jurisdiction. Such dismissal is without prejudice and does not preclude another class action if the statute of limitations was tolled during the pendency of this action, *see Rose v. Arkansas Valley Environmental & Utility Authority*, 562 F.Supp. 1180, 1192–93 (W.D.Mo.1983); *In re Crazy Eddie Securities Litigation*, 747 F.Supp. 850, 856 (E.D.N.Y.1990), or the statute of limitations has not otherwise expired.

Since plaintiff lacked standing to bring this action, the other pending motions are all moot and therefore will be denied without prejudice as moot. There is no pending action to amend and no existing class that can claim it is entitled to all or a portion of the allegedly excessive settlement offered to the Trustee. It is also unnecessary to consider defendant's contention Ball's claims are barred by principles of *res judicata* in that she was a member of the class in another case that has gone to judgment and which involves the same cause of action.

IT IS THEREFORE ORDERED that defendant's amended motion to dismiss for lack of standing [20–1] is granted. Class certification is denied without prejudice. Plaintiff's motions to add a party, require notice, and to redistribute proceeds [22–1,2,3], to strike Raleigh's affidavit and hold defendant to judicial admissions [29–1,2], and for leave to amend the complaint [32–1,2] and defendant's supplemental motion to dismiss [34–1] are denied without prejudice as moot. The Clerk of the Court is directed to enter judgment in favor of defendant and against plaintiff dismissing plaintiff's cause of action without prejudice for lack of subject matter jurisdiction. Each party shall bear its own costs.

---

estate as of the filing of the bankruptcy petition, and the Bankruptcy Code places the burden on the debtor to follow the procedures which exempt property from the estate.... Under Rule 4003 of the bankruptcy rules, a trustee or creditor is given 30 days after the conclusion of the meeting of creditors or the filing of any amendment to the list of exemptions to file objections to the list of property claimed as exempt by the debtor. Nothing in the record indicates that any objections were filed. Thus, by virtue of the passage of time and the operation of this rule, the Truth–in–Lending Act claim became exempt property and is no longer part of the bankruptcy estate. 101 B.R. at 543–44.

6. *Bronner* states:
A debtor's estate is comprised of all legal or equitable interests owned by the debtor as of the commencement of the case. Title to estate property generally remains in the trustee unless the property is abandoned or re-vested. A debtor's claim for injuries to the person, even if unliquidated at the time the petition was filed, is property of the bankruptcy estate as of the commencement of the case.

A debtor, however, may remove or acquire property of the estate by claiming exemptions....
The lawsuit became property of the estate at the time the petition was filed. Debtors were permitted to acquire an interest in that property by claiming an interest in it.
135 B.R. at 647 (citations omitted)

7. Like Ball's situation, in *Christy*, the bankruptcy petition was already pending at the time the debtors filed a TILA action in their own names and no exemption for the TILA claim was scheduled until an amended schedule was subsequently filed. *See Christy*, 101 B.R. at 542–43. Although *Christy* holds the plaintiffs in that case had standing to bring the TILA action, at least once the time for filing objections expired, *Christy* does not expressly consider that the plaintiffs were required to also have standing at the commencement of the case. *See id.* at 543–44. To the extent that *Christy* should be considered to have an implicit holding that standing existed at the commencement of the case, this court respectfully disagrees in light of *Salzer*, decided well after *Christy*.