In re Philip J. FETNER, Debtor.

Bankruptcy No. 92–01138.

United States Bankruptcy Court,
District of Columbia.

July 30, 1997.

Order Denying Reconsideration
Jan. 25, 1998.

William Douglas White, Lepon McCarthy White & Holzworth, Washington, DC, Chapter 7 Trustee.

Philip J. Fetner, Middleburg, VA, Pro se.

### DECISION REGARDING THE TRUSTEE'S OBJECTION TO EXEMPTIONS

S. MARTIN TEEL, Bankruptcy Judge.

At the hearing on June 13, 1997, the debtor orally moved under Federal Rule of Bankruptcy Procedure 9006 to file his exemptions out of time. If the court allows the exemptions to be filed out of time, two issues remain: (1) whether the property exempted by debtor should be limited to the values claimed in his schedules; and (2) whether the debtor should be permitted to exempt $3000 in "legal claims" pursuant to 11 U.S.C. § 522(d)(5).

### I

■ The debtor's schedules were filed late, well past the 15–day deadline after entry of the order for relief. F.R. Bankr.P. 1007(c). The time to object to the claimed exemptions is thus open-ended until the court grants a motion allowing the late filing.

*In re Robertson*, 105 B.R. 440, 450 (Bankr. N.D.Ill.1989).

■ It is critical to the debtor's effort to exempt the property that he obtain an order granting a motion to extend the time for filing his schedule of exemptions. Property claimed exempt remains property of the estate "until at the earliest, when the time for filing objections to an exemption expires without exemption." *Ball v. Nationscredit Financial Services Corp.*, 207 B.R. 869, 872 (N.D.Ill.1997), citing *In re Salzer*, 52 F.3d 708, 711–13 (7th Cir.1995), *cert. denied*, 516 U.S. 1177, 116 S.Ct. 1273, 134 L.Ed.2d 219 (1996). Property a debtor has claimed exempt remains property of the estate "from the date she file [s] her bankruptcy petition until a determination as to the validity of the claimed exemption be[comes] final...." *Ball*, 207 B.R. at 872.

### II

■ The debtor was required by F.R. Bankr.P. 1007(c) to give notice to the United States Trustee, not just the chapter 7 trustee, of any motion to enlarge the time to file his schedule of exemptions. Because the United States Trustee did not participate in the hearings on the chapter 7 trustee's objections to exemptions, he has not received the necessary notice of the debtor's motion for an extension of time. Accordingly, the court will require the debtor to reduce his motion to writing and serve it, accompanied by the notice required by Local Bankruptcy Rule 9013–1, on the United States Trustee and the chapter 7 trustee.

So that the court's administration of the estate will proceed smoothly, it is important that the debtor reasonably promptly seek the necessary extension of time. If the debtor refuses to do so, his claim of objections will be dismissed with prejudice as untimely. The court sees no other way to assure that closure is brought to this issue. The court will not allow the issue to remain in limbo with the debtor free to file a motion for extension at some indefinite date in the future. Only in that way will the court know whether it will be necessary to address the exemption issues not resolved by this decision. The court will thus, *sua sponte*, direct

the debtor to file any motion to extend within 30 days of entry of this order. If the debtor fails timely to file the necessary motion, the court will disallow the debtor's exemption claims with prejudice as untimely filed.

### III

It is likely that a motion to enlarge will be granted. Accordingly, the court will probably have to rule on the validity of the debtor's claimed exemptions. The court will thus proceed to address the merits of the objections (as though the debtor had been allowed an extension for filing).

### IV

The exemptions at issue are essentially two-fold. First, the debtor has invoked 11 U.S.C. § 522(d)(11)(E) to exempt all but $3,000 [1] of the litigation he pursued in the Superior Court of the District of Columbia. For reasons stated at the hearing of June 13, 1997, the trustee's objection to that exemption will be sustained.

### V

Second, the debtor has exempted several items as having values coming within specified dollar limits of listed permissible exemptions under 11 U.S.C. § 522(d). If an exempted item is worth more than the value placed on the item by the debtor, the trustee would be entitled, upon proving that, to sell the item and receive the excess above the debtor's valuation. The trustee has accordingly objected that the items may be worth more than the values the debtor placed on the items.

■ The trustee bears the burden of proving that any exemption is not properly claimed. F.R. Bankr.P. 4003(c). But because of the debtor's delay in filing his schedules, the trustee is not prepared to put on proof regarding the value of the debtor's exempted assets. The debtor's delay has thus been prejudicial to the trustee and, accordingly, as a condition to enlarging the time for filing exemptions, the court will allow the trustee additional time to investigate the value of the exempted items. The court will give the trustee 70 days after entry of this decision or 30 days after entry of any order allowing the exemptions to be claimed out of time, whichever is later, to file a supplementation of his objection specifying those exempted items as to which he contests the debtor's valuation.

### VI

The exemption of $3,000 in "legal claims" under the wildcard exemption of 11 U.S.C. § 522(d)(5) deserves separate treatment. Based on offers of compromise by some of the defendants sued by Fetner in the Superior Court litigation, the debtor's legal claims appear to have a value well in excess of $3,000. Accordingly, the trustee has established that Fetner's entitlement to exempt the fruits of his legal claims should be limited to $3,000 and the estate should receive any sum in excess of that amount.

■ The consequence is that an allowance of this $3,000 exemption will not vest the debtor with the right to control, solely or jointly with the trustee, the pursuit of the legal claims. The exemption, once effective, will only be valid to the extent it gives the debtor a right to the proceeds of the legal claims:

> An exemption claimed in a lawsuit that is property of the estate is comparable to a homestead exemption. The homestead exemption is merely a debtor's right to retain a certain sum of money when the court orders sale of a homestead: it is not an absolute right to retain the homestead itself.

*Bronner v. Gill*, 135 B.R. 645, 648 (9th Cir. BAP 1992). In other words, the exemption is "simply an interest in any potential recovery from the lawsuit, a right to retain a certain sum of money up to [$3000], not an absolute right to retain the lawsuit...." *Id.*

■ It is the trustee who has the capacity to prosecute a lawsuit on behalf of the estate. While the debtor has an interest in the potential proceeds of the lawsuit, "the trustee, as representative of the estate, nevertheless

---

**1.** The $3,000 amount represents a portion of the claims that the debtor exempted using $3,000 of his so-called wildcard exemption under 11 U.S.C. § 522(d)(5).

has an interest over and above the debtor's exemption." *Wissman v. Pittsburgh Nat'l Bank*, 942 F.2d 867, 872 (4th Cir.1991). Of course, the trustee does have a duty to reduce any recovery to cash so that the debtor may collect on his exemption.

■ The court's holding does not prohibit, in all circumstances, a debtor from litigating a partially exempted claim. It merely rests the decision to allow the debtor to litigate with the trustee, who has primary control over property of the estate. The trustee may acquiesce to the debtor's litigating the lawsuit on behalf of himself and the estate, or to the debtor's litigating the lawsuit together with the trustee. *Wissman*, 942 F.2d at 872–73.

The order reflecting this decision will accordingly clarify that the debtor's $3,000 exemption of legal claims will not vest him with control over the pursuit of those legal claims.

## DECISION REGARDING MOTION TO RECONSIDER THE COURT'S ORDER OF JULY 30, 1997

The debtor Fetner has filed a motion to reconsider the court's order of July 30, 1997, or, in the alternative, to permit the filing of debtor's schedules on May 2, 1997.[1] Fetner's motion to reconsider, raising questions of whether the trustee's objections to exemptions filed only seven days after Fetner filed his schedule of exemptions but more than 30 days after Fetner appeared at a meeting of creditors, will be denied. But in conformity with the district court's order of July 23, 1997, the court will grant the alternative motion to extend time and treat Fetner's exemptions as timely filed.[2]

### I

Fetner argues that the trustee's objections to his exemption claims should be dismissed as untimely because the objections were filed more than 30 days after the meeting of credi-

tors Fetner attended. The court will reject that argument.

The facts are these. Fetner neglected to file timely schedules of assets and liabilities and this court held him in civil contempt of an order directing him to file the schedules. On appeal, the district court, with the parties' consent, directed that Fetner "will make a full and complete disclosure of his assets and liabilities and a statement of financial affairs as required by F.R.Bankr.P. 1007 within 30 days from the date of this Order...." Order of March 26, 1997. The parties make reference to a further order of April 25, 1997, that apparently modified the 30-day period of the March 26, 1997 order. Fetner filed his schedules on May 9, 1997, in timely compliance with the district court's order, and claimed exemptions on the schedules. The trustee filed objections to the exemptions on May 16, 1997.

This court was of the view that the district court's orders only addressed setting a deadline for Fetner's filing schedules and thus mooting the contempt issue. This court was thus of the view that for Fetner's exemptions to be timely claimed, Fetner needed an enlargement of time from this court pursuant to F.R.Bankr.P. 1007(c) which requires a motion served on both the chapter 7 trustee and the United States Trustee. Without an enlargement having been sought or granted under Rule 1007(c), the exemptions were untimely claimed and ineffective. *In re Robertson*, 105 B.R. 440, 450 (Bankr.N.D.Ill.1989).

This court accordingly entered an order (DE No. 282) on July 30, 1997, requiring Fetner to file a Rule 1007(c) motion before his exemption claims could be considered. Unbeknownst to this court, the district court had already issued an order on July 23, 1997, clarifying its prior ruling and directing "that the Debtor's schedules will be deemed timely filed and his exemptions will be considered by the Bankruptcy Court."

---

1. Docket Entry ("DE") No. 287. The motion concerns the Order Regarding the Debtor's Oral Motion to Extend the Time to File Exemption Schedules and Regarding the Trustee's Objection to Exemptions (DE No. 282) entered pursuant to the Decision Regarding the Trustee's Objection to Exemptions (DE No. 281).

2. In light of the discussion at the hearing of January 21, 1998, on another matter in this case, the court will additionally modify its order to provide that the trustee shall have additional time to examine the tangible personal property claimed as exempt. *See* n. 6, *infra*.

His schedule of claimed exemptions having been filed on May 9, 1997 (which is now deemed timely filed pursuant to the district court's July 23, 1997 order), Fetner urges that the trustee's objections filed one week later, on May 16, 1997, are untimely. Fetner points to F.R.Bankr.P. 4003(b) which provides that objections to exemptions may be filed "within 30 days after the conclusion of the meeting of creditors held pursuant to Rule 2003(a) or the filing of any amendment to the list or supplemental schedules unless, within such period, further time is granted by the court." While Rule 4003(b) plainly addresses amendments of schedules of exemptions occurring after the meeting of creditors, it does not so plainly address the problem of a schedule of exemptions filed for the first time after the meeting of creditors, thus giving Fetner the chance to construct his argument.

■ Fetner's argument is like that of the child who kills his parents and then seeks the mercy of the court as an orphan. Fetner delayed the orderly progress of this case for months by failing to file a schedule of exemptions when there was no reason he could not file his schedule of exemptions when originally due. The trustee examined Fetner at a meeting of creditors in the midst of this delay, that examination having occurred more than 30 days before Fetner finally filed his schedules. Fetner now seeks to take advantage of his belated filing to urge that Rule 4003(b) precludes any objections to his exemptions because they were filed more than 30 days after the examination at the meeting of creditors. To hold that Fetner's own delay in filing the exemptions immunizes them from objections would work an obvious injustice.

Fetner's reading of Rule 4003(b) would be inconsistent with 11 U.S.C. § 522(*l*) which provides that the debtor shall file a list of property claimed as exempt and that "[u]nless a party in interest objects, the property claimed as exempt on such list is exempt." Fetner's interpretation of Rule 4003(b) would mean that whenever a debtor files her schedule of exemptions more than 30 days after the meeting of creditors, no one can object to the exemptions, in plain contravention of § 522(*l*)'s contemplation that there will be some opportunity to object.

The court will thus adopt an interpretation of Rule 4003(b) that preserves the right to object in these circumstances. For Rule 4003(b) to bar objections to exemptions, there must have been a conclusion of the meeting of creditors. This court holds that until Fetner filed his schedule of exemptions, the meeting of creditors could not be deemed concluded within the meaning of Rule 4003(b).[3] Accordingly, at the earliest, the meeting of creditors could have been concluded on May 9, 1997, when Fetner finally filed his exemptions. The trustee's objections filed just seven days later were thus timely.

This interpretation of Rule 4003(b) may inject some cumbersomeness into the application of the rule. Having delayed filing the exemptions until well after the initial meeting of creditors, however, Fetner has only himself to blame for that state of affairs.[4]

**3.** A debtor's failure to file a schedule of claimed exemptions prevents any meeting from fully addressing the question of exemptions. While the trustee and the debtor might discuss at the initial meeting what exemptions the debtor intends to claim on schedules she intends eventually to file, there is no requirement that the examination be treated as exhaustive of all inquiry regarding the exemptions. Without any exemptions filed, there simply are no exemptions to which the trustee or creditors can object. (*See* part II of this decision.) Although they can make preliminary inquiries of the debtor, how exhaustive they make those inquiries is within their discretion. The rule should reserve to them the right to examine the debtor in greater length even if the exemptions are the ones the debtor testified she would file.

Moreover, even if they conclude that there are no further questions which have come to mind and which need to be asked, the announcement of that fact *after* the filing of the schedules is necessary in order for the meeting to be deemed concluded within the meaning of Rule 4003(b). Their signification that there is nothing more to ask brings a closure that would not otherwise exist because they possibly might think of additional questions at some later date.

**4.** For a deadline to be imposed, the meeting of creditors has to be concluded. This arguably requires that a resumed meeting of creditors be held and the meeting declared to be concluded. In some cases, the trustee may conclude that there is no need to examine the debtor, such that a resumed meeting would be an empty formality.

## II

■ As an alternative argument, Fetner urges that he made an oral claim of exemptions at the meeting of creditors and that the trustee's objection is untimely as to the oral claims.[5] The court rejects this argument. An oral claim of exemptions does not suffice to constitute the written schedule of exemptions, prepared under F.R.Bankr.P. 1007(b)(1) "as prescribed by the appropriate Official Forms," and required procedurally by F.R.Bankr.P. 4003(a) to claim exemptions and thus to trigger F.R.Bankr.P. 4003(b) and the consequence of 11 U.S.C. § 522($l$).

Accordingly, the court will treat the trustee's objections to exemptions as timely filed.

## III

The district court has ruled that its order in the contempt proceeding shall be treated as making the filing of the schedule of claimed exemptions timely. The issue of enlargement of the time for filing the debtor's schedules has never been addressed by an order of this court. Accordingly, so that there is no doubt that the debtor's schedule of exemptions is treated as timely filed, the court's order will, pursuant to F.R.Bankr.P. 1007(c), enlarge the time for filing the schedule of exemptions to May 9, 1997.

The court does not decide whether the trustee could effect a conclusion of the meeting, without actually resuming the meeting, by simply filing a writing declaring that he treats the meeting as concluded effective on the date of his filing. There is no assurance that the trustee will always take the steps necessary to make the meeting of creditors concluded. So a debtor who wants the deadline of Rule 4003(b) to come into play might sometimes be forced to move to compel the trustee to act. But these are all complications the debtor's delay would have brought upon herself. If the debtor wants the benefit of a Rule 4003(b) deadline, figuring out how to trigger the deadline will simply be the price of her belated filing of exemptions.

5. As well as the court can understand the argument, it goes like this. Fetner fully testified at the meeting of creditors what exemptions he was claiming. His later-filed schedule of claimed exemptions did not vary from his oral disclosures. The meeting of creditors should be deemed to have concluded because he fully disclosed his exemptions and the trustee fully examined him

## IV

An order follows.[6]

regarding them. The trustee could have filed objections to the orally disclosed claim of exemptions within 30 days after the meeting of creditors. The trustee's objection to exemptions filed more than 30 days after the meeting of creditors should thus be barred as untimely under Rule 4003(b).

6. The order will address the issue of the trustee's completing an appraisal to be ready for an evidentiary hearing on the one aspect of the objections not yet resolved. The court's prior order placed the trustee under a deadline (namely, 30 days after entry of any order enlarging the debtor's time to file his claim of exemptions) to complete the inspection of the items of tangible personal property the debtor claimed as exempt. Given the distance of Fetner's residence from the trustee's appraiser, the trustee has had some difficulty in arranging the appraiser's visit to examine the items. The parties indicated that they would attempt to arrange a convenient time. Based on that, the court will simply require a status report by February 4, 1998, instead of the trustee's remaining under a deadline.