**In re Frank W. PATRICK d/b/a Frank's Fast Stop, Debtor.**

**Charles J. Taunt, Trustee, Plaintiff,**

**v.**

**Frank W. Patrick d/b/a Frank's Fast Stop, Defendant.**

**Bankruptcy No. 01–58303–R. Adversary No. 02–4160.**

United States Bankruptcy Court, E.D. Michigan, Southern Division.

March 26, 2003.

Richard F. Fellrath, Detroit, MI, Craig S. Schoenherr, Sr., Sterling Hts., MI, for creditor.

Frank G. Proctor, Waterford, MI, for debtor.

*Opinion Regarding Motion for Summary Judgment*

STEVEN W. RHODES, Chief Judge.

This matter is before the Court on the trustee's motion for summary judgment. The debtor filed an objection. The parties have waived oral argument.

I.

The debtor, Frank Patrick d/b/a Frank's Fast Stop, filed for chapter 11 relief on September 24, 2001. The debtor claimed

exempt $8,900 worth of inventory, machinery, equipment and cash located at his leased gas station on Joslyn Rd. The debtor voluntarily converted to chapter 7 on November 5, 2001. The order converting the case required the debtor, within 30 days, to file a final report and account, schedule of current debts, schedule of executory contracts, and schedule of property acquired post-petition. The order also required the debtor, within 10 days, to file a supplemental matrix of the names and addresses of chapter 11 administrative creditors. Charles Taunt was appointed the chapter 7 trustee.

On November 9, 2001, the trustee took possession of the debtor's gas station on Joslyn Rd., which the debtor had been operating, and another gas station in Flint, which was not in operation. The trustee changed the locks and advised the debtor of the actions he was taking.

On November 10, 2001, the debtor gained access to the Joslyn Rd. property by prying the door open. The debtor began operating the gas station under the name Patrick's Sunoco, selling inventory and other items that were on the premises when the trustee took possession. The debtor's actions came to light at the meeting of creditors, held on December 5, 2001.

On February 4, 2002, the trustee filed a complaint objecting to the debtor's discharge under § 727(a)(2)(B), (3), (4)(D), (5), and (6)(A). The trustee also filed an objection to the debtor's claim of exemptions.

## II.

The trustee contends that it is undisputed that the debtor transferred property of the estate to his newly formed entity when he pried open the doors to the gas station and began operating the station under a new name. The trustee contends that the debtor knew he could not exercise control over the premises after the trustee took possession because the trustee specifically told the debtor that he could not be open the following week. Further, the trustee contends that the debtor concealed his action from the trustee because he did not make the trustee aware that he was operating the business until the meeting of creditors on December 5, 2001.

The trustee argues that the debtor has failed to obey the Court's order of November 5, 2001, requiring the debtor to file a final report and account, a schedule of current debts, a schedule of executory contracts, and a schedule of property acquired after commencement of the case, as well as a supplemental matrix. The trustee asserts that the only document the debtor has filed is a statement of purpose to amend schedules D, E, and F and a statement of intention. The trustee argues that the debtor has vehicle leases which have not been disclosed as executory contracts. The trustee also contends that the debtor has acquired property post-petition by replenishing the inventory at his gas station. However, this has not been disclosed.

The trustee argues that the debtor failed to keep adequate records. The trustee asserts that the only records provided to the him were two boxes of daily receipts. The trustee asserts that these receipts do not permit the trustee to reconstruct the debtor's financial activities. Further, the trustee contends that the debtor has not provided any records for the period after November 9, 2001, to permit the trustee to determine what property was improperly transferred by the debtor. The trustee also notes that the debtor has not filed income tax returns since 1995.

The trustee contends that the debtor has failed to adequately explain the loss of assets. The trustee asserts that the debt-

or's conduct of transferring the assets to his newly formed business when he knew he did not have the consent of the trustee constitutes bad faith.

The debtor contends that he exempted his interest in the Joslyn Rd. property. Therefore, the estate had no interest in the property which could be taken over by the trustee. The debtor argues that the trustee had no right to change the locks on the Joslyn Rd. premises without an order from the court denying the exemption. The debtor asserts that the trustee has failed to establish that the debtor intended to hinder, delay or defraud. Further, the debtor contends that he has turned over all of his records, and the names and addresses of suppliers.

### III.

11 U.S.C. § 522(1) provides:

The debtor shall file a list of property that the debtor claims as exempt under subsection (b) of this section. If the debtor does not file such a list, a dependent of the debtor may file such a list, or may claim property as exempt from property of the estate on behalf of the debtor. Unless a party in interest objects, the property claimed as exempt on such list is exempt.

11 U.S.C. § 522(1).

■ Property claimed exempt remains property of the estate "until at the earliest, when the time for filing objections to an exemption expires without objection." *Ball v. Nationscredit Fin. Servs. Corp.,* 207 B.R. 869, 872 (N.D.Ill.1997), citing *In re Salzer,* 52 F.3d 708, 711–13 (7th Cir. 1995), *cert. denied,* 516 U.S. 1177, 116 S.Ct. 1273, 134 L.Ed.2d 219 (1996). *See also In re Fetner,* 218 B.R. 262, 263 (Bankr.D.C. 1997).

■ The time for filing objections to exemptions was extended several times by consent of the parties and did not expire until December 8, 2002, by which time the trustee had filed an objection to the debtor's claim of exemptions. Accordingly, the property claimed exempt by the debtor remained property of the estate when the trustee took possession of the gas station on November 9, 2001. The debtor's argument that he had the right to retake possession of the gas station on November 10, 2001, because the property was exempt is thus without merit.

### IV.

Section 727(a)(2)(B) provides:

(a) The court shall grant the debtor a discharge, unless–

(2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed–

(B) property of the estate, after the date of the filing of the petition;

11 U.S.C. § 727(a)(2)(B).

■ An objection to discharge requires proof by a preponderance of the evidence, and the trustee bears the burden of proof. *Barclays/Am. Bus. Credit, Inc. v. Adams (In re Adams),* 31 F.3d 389, 393–94 (6th Cir.1994). The intent must be actual intent, as distinguished from constructive intent. *Bank of Pa. v. Adlman (In re Adlman),* 541 F.2d 999, 1003 (2d Cir.1976). Because actual intent is difficult to prove directly, it may be established from circumstantial evidence or inferred from the debtor's conduct. *American Gen. Fin., Inc. v. Burnside (In re Burnside),* 209 B.R. 867, 871 (Bankr. N.D.Ohio 1997). "Just one wrongful act may be sufficient to show actual intent

.... However, a continuing pattern of wrongful behavior is a stronger indication of actual intent." *Hunter v. Sowers (In re Sowers),* 229 B.R. 151, 157 (Bankr. N.D.Ohio 1998).

█ The Court concludes that the debtor's actions of breaking into the gas station and selling the property on hand was done with the intent to hinder and delay the trustee. The debtor gained access to the premises by prying the door open with a screwdriver after the trustee informed the debtor that he was taking control of the premises and specifically told the debtor that he could not operate the business. The debtor continued to break in daily, and sell estate property without the trustee's knowledge, and did not make the trustee aware of his actions until the meeting of creditors nearly one month later. Further, the debtor has not provided the trustee with any financial documentation for the period after November 9, 2001, to permit the trustee to determine the value of property of the estate that he sold.

█ Section 521(3) imposes a duty upon the debtor to cooperate with the trustee to enable the trustee to perform the trustee's duties. Further, Rule 4002(4) specifically requires the debtor to "cooperate with the trustee in the preparation of an inventory[.]" Fed. R. Bankr.P. 4002(4). *See also In re Moses,* 792 F.Supp. 529, 531 (E.D.Mich.1992); *Kaler v. Olmstead (In re Olmstead),* 220 B.R. 986, 998 (Bankr. D.N.D.1998). A debtor's cooperation is a prerequisite to granting a discharge. *In re McDonald,* 25 B.R. 186, 189 (Bankr. N.D.Ohio 1982). Rather than cooperate with the trustee, the debtor intentionally interfered with the trustee's attempt to carry out his duties. Accordingly, the debtor's discharge is denied pursuant to § 727(a)(2)(B).

V.

Section 727(a)(3) provides for denial of the discharge if:

the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case.

11 U.S.C. § 727(a)(3).

█ This section requires the debtor "to provide the trustee or creditors with enough information to ascertain the debtor's financial condition and track his financial dealings with substantial completeness and accuracy for a reasonable period past to present." *Bay State Milling Co. v. Martin (In re Martin),* 141 B.R. 986, 995 (Bankr.N.D.Ill.1992). "The adequacy of debtor's records must be determined on a case by case basis. Considerations to make this determination include debtor's occupation, financial structure, education, experience, sophistication and any other circumstances that should be considered in the interest of justice." *United States v. Trogdon (In re Trogdon),* 111 B.R. 655, 658 (Bankr.N.D.Ohio 1990).

In *Turoczy Bonding Co. v. Strbac (In re Strbac),* 235 B.R. 880 (6th Cir. BAP 1999), the court explained the standard under § 727(a)(3):

"The party seeking denial of a discharge has the burden of proving the inadequacy of the debtor's records." *Wazeter v. Michigan Nat'l Bank (In re Wazeter),* 209 B.R. 222, 227 (W.D.Mich.1997) (citations omitted). *See also* Fed. R. Bankr.P. 4005; *Barclays/Am. Business Credit Inc. v. Adams (In re Adams),* 31 F.3d 389, 394 (6th Cir.1994), *cert. denied,* 513 U.S. 1111, 115 S.Ct. 903, 130 L.Ed.2d 786 (1995). However, "[o]nce a

debtor's records are determined to be inadequate, the burden is on the debtor to establish any justification therefor." *Trogdon,* 111 B.R. at 658 (citations omitted). *See also Meridian Bank v. Alten,* 958 F.2d 1226 (3rd Cir.1992).

*Id.* at 882–83.

▮▮▮ The case law establishes that "[d]epending on the sophistication of the debtor and the extent of his activities, different record keeping practices are necessary." *Meridian Bank,* 958 F.2d at 1231. Further, "[a]lthough a full accounting of every business transaction is not required, debtor should maintain some written records from which present and past financial condition of debtor may be ascertained with substantial completeness and accuracy." *Phillips v. Nipper (In re Nipper),* 186 B.R. 284, 289 (Bankr. M.D.Fla.1995).

▮▮▮ The trustee states that the only documents provided to him by the debtor were two boxes of daily receipts. The documents contain a sheet for that day's transactions attached to a daily cash register report and payable information. (See Trustee's Ex. 10, Daily Receipts for November 5, 2001.) The trustee contends that the documents are not organized and do not permit the trustee to reconstruct the debtor's financial situation. Further, the trustee contends that the debtor did not file tax returns.

It is difficult to ascertain from the records provided whether or not they are adequate to determine the debtor's financial condition. Although the records may not be in the most comprehensible form, it is arguable that the debtor provided his daily income and expenses from which the trustee can determine the debtor's financial condition. Accordingly, genuine issues of material fact preclude summary judgment on this claim.

## VI.

Section 727(a)(4)(D) provides for denial of the discharge if the debtor knowingly and fraudulently, in or in connection with the case–

(D) withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs.

11 U.S.C. § 727(a)(4)(D).

Although the trustee cited this section in his motion for summary judgment, he did not address it in his argument. Therefore, his request for summary judgment on this claim is denied.

## VII.

Under § 727(a)(5), the discharge will be denied if:

the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities.

11 U.S.C. § 727(a)(5).

▮▮▮ "Section 727(a)(5) is broad enough to include any unsatisfactorily explained disappearance or shortage of assets." *Gold v. Guttman (In re Guttman),* 237 B.R. 643, 650 (Bankr.E.D.Mich.1999)(citing *Chalik v. Moorefield (In re Chalik),* 748 F.2d 616 (11th Cir.1984)). "[T]he initial burden is on the party objecting to a discharge to produce evidence establishing the basis for his objection whereupon the burden shifts to the debtor to explain satisfactorily the loss or deficiency of assets." *In re Farouki,* 133 B.R. 769, 777 (Bankr.E.D.Va. 1991), *aff'd* 14 F.3d 244, 251 (4th Cir.1994); *In re Chalik,* 748 F.2d 616, 619 (11th Cir. 1984). The debtor meets this burden if he

convinces the judge of his good faith and business-like conduct. *Schultz v. Shapiro (In re Shapiro)*, 59 B.R. 844, 848 (Bankr. E.D.N.Y.1986). The debtor's explanation is satisfactory if it is reasonable and credible. *Taylor v. Lineberry (In re Lineberry)*, 55 B.R. 510, 513 (Bankr.W.D.Ky.1985); *FDIC v. Hendren (In re Hendren)*, 51 B.R. 781, 788 (Bankr.E.D.Tenn.1985). The trustee contends that the debtor has failed to establish that he transferred assets from his prior business to his new business in a good faith and businesslike manner. The debtor continues to rely on his erroneous belief that because the property was exempt, he had the right to sell it through his new business entity.

 The Court concludes that the debtor has failed to satisfactorily explain the loss of assets. As noted, the trustee specifically told the debtor that he could not operate the business. The debtor thus had no basis to believe that his actions were proper. Further, the trustee still does not know the extent to which assets were transferred because the debtor has failed to provide documentation as to what the sales were after November 9, 2001. Accordingly, the debtor's discharge is denied under section 727(a)(5).

### VIII.

Section 727(a)(6) provides a basis for denial of the discharge if the debtor has refused in the case to obey any lawful order of the court. The denial of discharge under this section is subject to the discretion of the court. *Jerry Beeber, M.D., P.C. v. Beeber (In re Beeber)*, 239 B.R. 13, 31 (Bankr.E.D.N.Y.1999). "[T]he word 'refused,' as used in § 727(a)(6)(A), must be distinguished from the word 'failed' which is used elsewhere in § 727(a). *See* 11 U.S.C. § 727(a)(5). As a consequence, the mere failure of a debtor to obey a court's order, without more, is insufficient to deny or revoke a debtor's bankruptcy discharge." *Yoppolo v. Walter (In re Walter)*, 265 B.R. 753, 758 (Bankr. N.D.Ohio 2001). *See also Wilmington Trust Co. v. Jarrell (In re Jarrell)*, 129 B.R. 29, 33 (Bankr.D.Del.1991).

The trustee has not attempted to establish that the debtor's alleged failure to comply with the November 5, 2001, order was willful or intentional. Therefore, summary judgment is not appropriate on this claim.

An appropriate order will be entered.