NOT FOR PUBLICATION

FILED



NOV 05 2018

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No. WW-18-1125-KuTaB |
| JOHN SULLIVAN GOOD and JANICE BRODER GOOD, | Bk. No. 2:16-bk-15265-MLB |
| Debtors. | |
| MICHAEL P. KLEIN, Chapter 7 Trustee, | **MEMORANDUM**<sup>*</sup> |
| Appellant, | |
| v. | |
| JOHN SULLIVAN GOOD; JANICE BRODER GOOD, | |
| Appellees. | |

Argued and Submitted on October 25, 2018
at Seattle, Washington

Filed – November 5, 2018

---

   \* This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

Appeal from the United States Bankruptcy Court
for the Western District of Washington

Honorable Marc L. Barreca, Bankruptcy Judge, Presiding

———————

Appearances:    Appellant Michael P. Klein, chapter 7 trustee, argued pro
se; Ken Schneider, Law Office of Ken Schneider, P.S.,
argued for appellees John and Janice Good.

———————

Before:  KURTZ, TAYLOR, and BRAND, Bankruptcy Judges.

Chapter 7[1] trustee, Michael P. Klein (Trustee), appeals from the bankruptcy court's order denying his objection to the homestead exemption of debtors John and Janice Good (Debtors) and denying without prejudice Trustee's motion for sanctions. We AFFIRM.

## FACTS

Debtors filed a chapter 13 petition in October 2016. In Schedule C, Debtors claimed a homestead exemption of $125,000.00 in residential property located at 207th Avenue SE, Monroe, Washington (Property)[2] under Wash. Rev. Code §§ 6.13.010, 6.13.020, 6.13.030. No party objected to

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

[2] In Schedule C, Debtors showed the Property as being located in Snohomish, Washington instead of Monroe, Washington.

their homestead exemption. The bankruptcy court confirmed Debtors' plan on February 17, 2017.

A few months later, Debtors filed an ex parte motion to convert their case to one under chapter 7, which the bankruptcy court granted on June 15, 2017. On the same date, the clerk of the bankruptcy court issued an Order to File Post-Conversion Schedules (Order). Consistent with local rule (BLR) 1007-1(b), it required Debtors to file amended schedules, statements, and documents or a declaration under penalty of perjury that there had been no change in the schedules, statements, and documents. The Order stated: "Debtors shall filed by: _____ [amended schedules, etc.]." Thus, although the form contemplated and allowed for inclusion of a deadline, the order did not include one. And BLR 1007-1(b) does not resolve the deadline ambiguity; it requires action but does not establish a deadline.

Appellant was appointed the chapter 7 trustee.

In early July 2017, Debtors filed amended schedules but neither included an amended Schedule C nor filed a declaration of no change to their declared exemptions.

On July 11, 2017, Trustee conducted a meeting of creditors. Debtors testified that they had not lived in the Property since April 2017. In response, Trustee stated "So then you can't have a homestead if you're not living there." Debtors' attorney responded: "If [Trustee] sells the property and gets money out of it, you can't exempt that. That would go to

3

creditors." Mr. Good replied: "It is what it is." Debtors informed Trustee that they were surrendering the Property and would not be claiming a homestead exemption. They also promised to file an amended Schedule C to reflect the change in circumstances. Trustee concluded the meeting of creditors on July 12, 2017.

Thereafter, Trustee employed a realtor, actively marketed the Property, accepted an offer, and sought approval of sale of the Property. Debtors, through new counsel, filed a response and objected to the sale based on, among other things, alleged entitlement to a homestead exemption as indicated on the Schedule C filed in the chapter 13 case. The bankruptcy court continued the sale hearing to allow the parties to supplement the record and for Trustee to make additional motions.

Trustee responded with an objection to Debtors' homestead exemption and moved for sanctions. Trustee argued that Debtors (1) testified under oath at the meeting of creditors that they were not residing in the home and had not resided there since April 2017; (2) told Trustee to have a realtor look at the Property; (3) understood that they could not have a homestead if they were not living at the Property; (4) stated that they were surrendering the Property; (5) acknowledged that they could not exempt the proceeds if Trustee sold the Property; and (6) stated that they would amend Schedule C to reflect that they were no longer claiming the homestead exemption. Trustee maintained that

Debtors' claim to a homestead exemption after the sale was contrary to their testimony under oath and thus the doctrines of equitable estoppel and judicial estoppel applied under the circumstances.

Finally, Trustee asserted that he was entitled to sanctions under *Taylor v. Freeland & Kronz*, 503 U.S. 638 (1992). Trustee requested sanctions of $5,000.00 based on his time responding to the unsubstantiated claim of exemptions and attendance at two hearings and the uncertainty Debtors caused surrounding the sale of the Property.

At the continued hearing, the bankruptcy court took the exemption issue under advisement. The bankruptcy court approved the sale of the Property "subject to further court order, including a decision regarding the objection to the [D]ebtors' homestead exemption claim." Trustee subsequently filed a Report on Sale and after payment of liens and sale related expenses the sale netted $64,549.96.

At a later hearing, the bankruptcy court stated its findings of fact and conclusions of law on the record and overruled Trustee's objection to Debtors' homestead exemption. The court found Trustee's objection to Debtors' homestead exemption untimely. The court also explained that regardless of whether Debtors filed an amended Schedule C post-conversion of their case from chapter 13 to chapter 7, the relevant date for determining their eligibility for the homestead exemption was fixed on the date of chapter 13 filing. The bankruptcy court observed that under the

5

"snapshot" rule Debtors did not lose their right to an otherwise valid exemption postpetition if they no longer qualified for an exemption after conversion. The court reasoned that revisiting state law qualifications for the homestead exemption postpetition would ignore the federal "snapshot" rule regarding the time to determine such qualification.

The bankruptcy court further decided that equitable estoppel did not apply. It stated that in the Ninth Circuit, the elements for equitable estoppel are: (1) the party to be estopped must know the facts; (2) he must intend that his conduct shall be acted on or must so act that the party asserting the estoppel has a right to believe it is so intended; (3) the latter must be ignorant of the true facts; and (4) he must rely on the former's conduct to his injury. *FTC v. DirecTV*, Case No. 15-cv-01129-HSG, 2015 WL 9268119, at *3 (N.D. Cal. Dec. 21, 2015) (citing *United States v. Ruby Co.*, 588 F.2d 697, 703 (9th Cir. 1978)).

In applying these elements, the bankruptcy court reviewed the transcript of the § 341(a) meeting and found that although Debtors appeared to express a certain indifference regarding the Property, Mr. Good's testimony was not sufficiently definite to appropriately apply equitable estoppel. It noted that although Debtors' counsel indicated that they planned to surrender the Property, Debtors never actually did so and Trustee apparently did not follow up to determine why. The bankruptcy court also found that Debtors' counsel's statements regarding surrender did

not clearly express an intent to amend Schedule C to delete their homestead exemption in the Property. Moreover, Mr. Good's statements at the § 341(a) meeting were "equivocal, at most. Mr. Good remarked that the situation 'is what it is.'" Finally, the bankruptcy court found that to the extent Trustee relied on Mr. Good's ambiguous statements at the § 341(a) meeting, such reliance was not reasonable. The court concluded that there was no indication that Mr. Good intended to mislead Trustee.

The bankruptcy court decided that judicial estoppel also did not apply since the court had not relied on or accepted Debtors' position regarding their exemptions for any purpose. *See Whitworth v. Nat'l Enter. Sys.*, Case No. 08-968-PK, 2009 WL 2948529, at *4 (D. Or. Sept. 9, 2009) (judicial estoppel applies to cases where the court relied on or accepted the party's previous inconsistent position).

In the end, the bankruptcy court held that Trustee failed to present any evidence that Debtors were not entitled to their homestead on the chapter 13 petition date and that they did not lose the exemption based on their move from the Property prior to conversion. The court denied Trustee's request for sanctions without prejudice.

Trustee filed a timely appeal from the court's order and subsequently obtained a stay from the bankruptcy court authorizing him to hold the exempt funds pending the outcome of this appeal.

## JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(B). We have jurisdiction under 28 U.S.C. § 158.

## ISSUES

Did the bankruptcy court err by finding that Trustee's objection to Debtors' homestead exemption was untimely?

Did the bankruptcy court abuse its discretion by deciding not to apply equitable estoppel under the circumstances?

## STANDARDS OF REVIEW

The right of a debtor to claim an exemption is a question of law that we review de novo. *Elliott v. Weil (In re Elliott)*, 523 B.R. 188, 191–92 (9th Cir. BAP 2014); *see also, Nadel v. Mayer (In re Mayer)*, 167 B.R. 186, 188 (9th Cir. BAP 1994) ("The determination of a homestead exemption based on undisputed facts is a legal conclusion interpreting statutory construction which is reviewed de novo."). De novo review requires that "we consider a matter anew, as if no decision had been rendered previously." *Mele v. Mele (In re Mele)*, 501 B.R. 357, 362 (9th Cir. BAP 2013).

The decision whether to invoke equitable estoppel is reviewed for abuse of discretion. *Wolfe v. Jacobson (In re Jacobson)*, 676 F.3d 1193, 1199 (9th Cir. 2012). Under the abuse of discretion standard, we may reverse only if "we have a definite and firm conviction that the [bankruptcy] court committed a clear error of judgment in the conclusion it reached upon

8

weighing the relevant factors." *S.E.C. v. Coldicutt*, 258 F.3d 939, 941 (9th Cir. 2001). A bankruptcy court abuses its discretion if it applies the wrong legal standard, misapplies the correct legal standard, or if it makes factual findings that are illogical, implausible, or without support in inferences that may be drawn from the facts in the record. *See TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 832 (9th Cir. 2011) (citing *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc)).

## DISCUSSION

**A.     The bankruptcy court did not err by finding that Trustee's objection to Debtors' homestead exemption was untimely.**

Rule 4003(b)(1) provides, in relevant part, that, "a party in interest may file an objection to the list of property claimed as exempt within 30 days after the meeting of creditors held under § 341(a) is concluded or within 30 days after any amendment to the list or supplemental schedules is filed, whichever is later." *See* Rule 4003(b)(1).

Rule 1019(2)(B) provides, in relevant part, that in cases converted to chapter 7 from chapter 13 "[a] new time period for filing an objection to a claim of exemptions shall commence under Rule 4003(b) after conversion of a case to chapter 7 unless . . . the case was converted to chapter 7 more than one year after the entry of the first order confirming a plan under chapter . . . 13 . . . ." *See* Rule 1019(2)(B). Debtors' case was converted on June 15, 2017, which was less than one year after the entry of the first order

9

confirming their chapter 13 plan on February 17, 2017. Accordingly, a new time period for objecting to a claim of exemptions commenced under Rule 4003(b) after conversion of Debtors' case to chapter 7.

The post-conversion meeting of creditors took place on July 11, 2017, and was concluded on the following day. Trustee did not file his objection to Debtors' exemption until January 29, 2018, which was well past the 30-day deadline period set forth in Rule 4003. Trustee nevertheless contends that his objection should be considered timely; he asserts that the new 30-day time period did not commence as Debtors failed to obey the Order to comply with BLR 1007-1(b).[3]

Trustee is mistaken. Neither the Order nor BLR 1007-1(b) set a filing deadline for Debtors' amended schedules or their declaration of no change. Thus, as long as their case remains open, Debtors retain the ability to comply with the letter of the Order and related local rule.

And absent more definite language in the Order or BLR 1007-1(b) Trustee was required to object to the homestead exemption within 30 days of the concluded § 341(a) meeting. Debtors' original Schedule C was

---

[3] BLR 1007-1(b) entitled "Schedules Required in Converted Cases" provides:

Where a . . . chapter 13 case is converted to another chapter, the debtor shall be required to file amended schedules, statements, and documents required by Rule 1007(b)(1), (4), (5), and (6), or a declaration under penalty of perjury that there has been no change in the schedules, statements, and documents.

deemed filed in the converted case under Rule 1007(c) ("Lists, schedules, statements, and other documents filed prior to the conversion of a case to another chapter shall be deemed filed in the converted case unless the court directs otherwise."). Neither the Order nor BLR 1007-1(b) state otherwise. So, in the absence of amendment, Debtors retained their claim of a homestead in the Property through the time period established for objection.

Thus, Trustee was in possession of all facts necessary to make a timely objection within 30 days after the meeting of creditors in the chapter 7 case if he believed there were grounds to do so. *Compare Renteria v. Abele (In re Renteria)*, BAP No. AZ-05-1077, 2006 WL 6811009 (9th Cir. BAP June 8, 2006) (aware of pre-conversion exemption waiver, chapter 7 trustee requested in form of objection that Debtors clarify the basis of their claimed homestead when Schedule C was not amended but others were). And he cannot rely on the Order and BLR 1007-1(b) where neither required action before the deadline for objection.

In short, the Order did not put the validity of Debtors' previously claimed exemption at issue, and it did not affect the time period for objecting to the validity of that exemption, which is controlled by Rules 4003(b)(1) and 1019(2)(B). Trustee had the opportunity to file a timely objection to Debtors' claim of homestead. As he did not do so within the time allowed by Rule 4003(b), Debtors' Property is exempt. *See* § 522(*l*)

11

("Unless a party in interest objects, the property claimed as exempt on [the filed] list is exempt."); *Taylor*, 503 U.S. 643. Because the Property is exempt, it is unnecessary to discuss issues raised by Trustee concerning Debtors' move from the Property post-petition and their presumed abandonment of their homestead under Washington law.

**B.     The bankruptcy court did not abuse its discretion in finding that the elements for equitable estoppel were not met under these circumstances.**

When a debtor claims an exemption created under state law, the scope of the exemption is determined under state law which "may provide that certain types of debtor misconduct warrant denial of the exemption." *Gray v. Warfield (In re Gray)*, 523 B.R. 170, 175 (9th Cir. BAP 2014) (citing *Law v. Siegel*, 134 S.Ct. 1188, 1196–97 (2014) and remanding case to bankruptcy court to determine whether under Arizona law equitable considerations may be used to disallow exemptions); *see also Phillips v. Gilman (In re Gilman)*, 887 F.3d 956 (9th Cir. 2018) (vacating and remanding the matter to the bankruptcy court and noting that the parties were free to argue anew, and the bankruptcy court may consider, any additional issues related to the homestead exemption, such as whether under California law equitable estoppel could apply to preclude the exemption.).

Under Washington law, the doctrine of equitable estoppel may provide a basis for denial of a homestead exemption. *Code v. London*, 178 P.2d 293, 295 (Wash. 1947). To constitute estoppel, three things must occur:

12

(1) An admission, statement, or act, inconsistent with the claim afterwards asserted; (2) action by another party in reliance on the first party's act, statement or admission; and (3) injury to such other party resulting from allowing the first party to contradict or repudiate the prior act, statement or admission. *Id.* at 296; *Kramarevcky v. Dept. of Social and Health Servs.*, 863 P.2d 535, 538 (Wash. 1993).

Here, the bankruptcy court applied the elements for federal common law estoppel.[4] However, the elements are substantially the same under both Washington law and federal common law. Therefore, the court's use of the federal common law elements did not affect the outcome and thus was harmless error which we ignore. *Van Zandt v. Mbunda (In re Mbunda)*, 484 B.R. 344, 355 (9th Cir. BAP 2012); *see also* Civil Rule 61, applicable via Rule 9005 ("At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights.").

As noted above, when reviewing for abuse of discretion, we will reverse the bankruptcy court's decision to not apply equitable estoppel only if we have a definite and firm conviction that the court committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors. Here, the bankruptcy court did not abuse its discretion.

---

[4] The elements are: (1) the party to be estopped must know the facts; (2) he must intend that his conduct shall be acted on or must so act that the party asserting the estoppel has a right to believe it is so intended; (3) the latter must be ignorant of the true facts; and (4) he must rely on the former's conduct to his injury.

In applying the elements for equitable estoppel, the bankruptcy court was not convinced that Mr. Good's testimony or his counsel's statements, made during the § 341(a) meeting, were sufficiently definite to reasonably and foreseeably induce Trustee's reliance on the testimony or statements. As the bankruptcy court noted, Debtors' counsel indicated that Debtors planned to surrender the Property but Debtors never actually did so. The court also found that Debtors' counsel's statements regarding surrender did not clearly express an intent to amend their Schedule C to delete their homestead exemption in the Property. Indeed, the record shows that Trustee never forced the issues regarding surrender or amendment to Debtors' Schedule C to conform to Mr. Good's testimony or counsel's statements at the § 341(a) meeting. *Cf. In re Fetner*, 218 B.R. 262 (Bankr. D.D.C. 1997) (oral claim of exemptions does not suffice to constitute the written schedule of exemptions, prepared under Rule 1007(b)(1), and required procedurally by Rule 4003(a) to claim exemptions and thus to trigger Rule 4003(b)).

Moreover, the bankruptcy court found Debtors' statements at the § 341(a) meeting were "equivocal, at most. Mr. Good remarked that the situation 'is what it is.'" The bankruptcy court concluded that to the extent Trustee relied on Debtors' ambiguous statements at the § 341(a) meeting, such reliance was not reasonable. In other words, in light of the equivocal nature of Mr. Good's testimony, Trustee should have made some inquiry.

14

Last, the court found that there was no indication that Mr. Good intended to mislead Trustee and there is no evidence in the record to the contrary.

While we are sympathetic to Trustee's position, the bankruptcy court's decision to apply equitable estoppel is discretionary. Because the court's findings are plausible and supported by inferences drawn from the facts in the record, we discern no abuse of discretion in the bankruptcy court's decision not to apply equitable estoppel.

## CONCLUSION

For the reasons explained above, we AFFIRM the court's order denying Trustee's objection to Debtors' homestead exemption. Because the bankruptcy court denied Trustee's motion for sanctions without prejudice, we express no opinion as to whether Trustee's motion for sanctions should be granted or denied should he renew his request.